In the Matter of the Claim of EMMA RUSSELL, Respondent, against 231 LEXINGTON AVENUE CORPORATION et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

(Argued February 26, 1935; decided March 12, 1935.)

*Bernard F. Farley, Jeremiah F. Connor* and *William Butler* for appellants. The payment by the appellants of the sum of $5,000 in the action and the acceptance of her full share of payment by the claimant, constitutes an accord and satisfaction, and bars the claim for compensation. (*Brassel* v. *Electric Welding Co.*, 239 N. Y. 78; *Holland* v. *Atlantic Stevedoring Co.*, 239 N. Y. 605; *Matter of Petrone* v. *United States Trucking Corp.*, 236 App. Div. 531; 262 N. Y. 540.) The election by the claimant, naming the uncle as the employer of the decedent, and the resulting suit against the employer herein, is binding upon the claimant and creates an estoppel in this proceeding. (*Joyce* v. *Eastman Kodak Co.*, 238 N. Y. 142; *O'Brien* v. *Lodi*, 246 N. Y. 46; *Lunn* v. *Andrews*, 152 Misc. Rep. 568; *Matter of Pavia* v. *Petroleum Iron Works Co.*, 178 App. Div. 345; *Crinieri* v. *Gross*, 184 App. Div. 817.) The settlement of the suit for damages has the force and effect of judgment, and the question as to whether the deceased was an employee of the employer-appellant herein thereby became *res adjudicata.* (*People ex rel. Everett* v. *Board of Supervisors*, 93 N. Y. 397; *Ousterhouet* v. *Rigney*, 98 N. Y. 22; *People ex rel. Myers* v. *Barnes*, 114 N. Y. 317; *Culross* v. *Gibbons*, 130 N. Y. 447; *Canfield* v. *Harris & Co.*, 252 N. Y. 502.)

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum* and *John R. O'Hanlon* of counsel), for State Industrial

Board, respondent. The payment of $5,000 by the appellants did not constitute an accord and satisfaction. Nor did the action brought against the appellants by the administrator create an estoppel against the claimant in the present proceeding. (*Matter of DiDonato* v. *Rosenberg*, 256 N. Y. 412.) It is not *res adjudicata* as to the claimant herein that the deceased was not an employee of the alleged employer-appellant. (*Brown* v. *Cleveland Trust Co.*, 233 N. Y. 399; *Matter of Morris*, 100 App. Div. 479; *Collins* v. *Hydorn*, 135 N. Y. 320; *United States Fire Ins. Co.* v. *Adirondack Power & Light Corp.*, 206 App. Div. 584; *Gerstein* v. *Fisher*, 33 N. Y. Supp. 1120; 35 N. Y. Supp. 1107.)

*William Warren Dimmick* for claimant, respondent. The evidence sustains the jurisdiction and the findings of the Industrial Board that the deceased was an employee of the alleged employer at the time of the accident. The third-party action was not *res adjudicata* on the relation of employer and employee. The employer and its carrier are estopped on their alleged defenses by the evidence and by their conduct, admissions, waivers, contentions and settlement during the progress of the third-party suit and during the hearings for compensation benefits. (*Matter of Russell* v. *231 Lexington Ave. Corp.*, 236 App. Div. 177; *Matter of Burmester* v. *De Lucia*, 263 N. Y. 315; *Fox* v. *Employers' Liability Assur. Corp.*, 239 App. Div. 671; *Brown* v. *Cleveland Trust Co.*, 233 N. Y. 399; *Balais* v. *Brady & Gioe*, 189 App. Div. 408; *Matter of Di Donato* v. *Rosenberg*, 256 N. Y. 412; *O'Brien* v. *Lodi*, 246 N. Y. 46; *Matter of Zirpola* v. *Casselman, Inc.*, 204 App. Div. 647; 237 N. Y. 367.)

LEHMAN, J. The deceased employee died from injuries arising out of and in the course of her employment as an elevator operator in an apartment house owned and maintained by 231 Lexington Avenue Corporation. The superintendent of the apartment house was one Wright

Hopkins, the uncle of the deceased. He received a compensation of $140 per month. He was authorized to employ an elevator operator, but her compensation was to be paid by him. Accordingly he employed the deceased, a girl not quite eighteen, at a wage of five dollars per week and tips.

After the accident which caused the death of the employee, there was some doubt as to whether the deceased was in the employ of Hopkins, or of 231 Lexington Avenue Corporation. The dependents of the deceased were her mother and her infant brothers and sisters. If 231 Lexington Avenue Corporation was the employer, then the Workmen's Compensation Law (Cons. Laws, ch. 67) precluded any action at law for negligence of the employer in causing her death. If, on the other hand, Wright Hopkins was the employer, then the common law action might be maintained. In such an action a recovery would inure to the benefit of the next of kin. The next of kin in this case were the father and mother of the deceased. The father was not a dependent. Thus, a holding that 231 Lexington Avenue Corporation was not the employer would inure to his benefit. The mother, who was a dependent, could, in that event, make claim against Wright Hopkins as employer and obtain against him an award for any deficiency between the amount of compensation provided by the Workmen's Compensation Law and the amount she obtained by recovery against the third party.

Section 29 of the Workmen's Compensation Law requires an election by the dependents. In view of the doubt as to whether or not 231 Lexington Avenue Corporation was the employer, the dependents, on March 9, 1926, filed three different notices of election. One of the notices named Wright Hopkins as employer and contained an election to sue 231 Lexington Avenue Corporation and Louis Nelson as third parties. The other two notices named 231 Lexington Avenue Corporation as

employer and in one case contained an election to sue as third party Louis Nelson and, in the other case, left blank the name of the third party whom the dependents desired to sue. All of these notices were signed by both parents and by the infant dependents.

Pursuant to the notice which named Wright Hopkins as employer, an action was brought by the father, as administrator, against 231 Lexington Avenue Corporation and Louis Nelson. The pleadings are not in the record, but it is undisputed that the answer of 231 Lexington Avenue Corporation contained an affirmative defense that it was the employer of the deceased. That action was settled before trial by payment of $5,000 by 231 Lexington Avenue Corporation and of $750 by Louis Nelson. The father, not a dependent, received one-half and the mother received the remaining one-half of the proceeds of the settlement. Then the dependent mother and dependent brothers and sisters asked an award under the other notices which named 231 Lexington Avenue Corporation as employer. The infant dependents could not share in any recovery in a third party action and their signature on the notice of election to sue 231 Lexington Avenue Corporation as third party is not binding upon them. The award to them is not challenged by the employer, 231 Lexington Avenue Corporation. That employer does, however, contest the right of the dependent mother to receive any award for the deficiency between the amount she would have been entitled to under the Workmen's Compensation Law and her share of the recovery.

Though an employee may not waive his right to compensation (Workmen's Compensation Law, § 32), an employee, or his dependents, can obtain compensation only in the manner and subject to the conditions fixed by the Workmen's Compensation Law. The action at law brought against 231 Lexington Avenue Corporation could be maintained only if the defendant was not the employer, and a judgment in the action in favor of the

plaintiff would have constituted an adjudication that the defendant's affirmative defense that it was the employer and was covered by insurance was without substance. The settlement of the action, though not a formal adjudication of the issues, constitutes a bargain between the parties that the claim against the defendant should be satisfied by payment of the sum of $5,000. The notice of election signed by the dependent mother evidences conclusive knowledge on her part that no cause of action at law could be maintained against 231 Lexington Avenue Corporation and, at the same time, a right to an award reserved against it as employer. If the election to sue 231 Lexington Avenue Corporation as a third party is binding upon the dependents, then, of course, the mother has no further claim against 231 Lexington Avenue Corporation as employer. Even if that notice of election might now be disregarded as a superfluity, the dependent mother is not helped. Then she must proceed under the notice of election against 231 Lexington Avenue Corporation as employer and in those notices she, of course, did not and could not elect to sue the employer as a third party. In effect, the bringing of the action at law against 231 Lexington Avenue Corporation is the assertion of a claim that it was not the employer and, in effect, the compromise of that action is the settlement of the claim based on that assertion.

The argument seems to me fallacious that the moneys paid under the settlement of the common law action by the defendant in the action may be regarded as a voluntary payment made as employer because the defendant was, in fact, an employer and made the settlement with full knowledge of the facts. In truth, the question of whether the defendant in the action had a defense thereto because it was the employer was still open. So, too, were the questions of whether the defendant was negligent. The plaintiff asserted that the defendant was not the employer; the defendant asserted that it was. If the defendant

prevailed on the issue of whether it was an employer, it would still be subject to an obligation to pay compensation to dependents of the deceased employee, but in such compensation neither father nor mother would share unless they proved that they were actually dependents. The parties agreed that they would not carry the issues raised in that litigation to their conclusion, but would settle the respective contentions by payment of $5,000. The mother, sharing in that settlement, should not now be heard to say that as to her the payment in settlement might be regarded as a voluntary payment on account of compensation to which she would be entitled only if the action was without basis. It is not urged that the action at law was brought to evade any provision of the Workmen's Compensation Law enacted for the benefit of an employee or dependent, or that the settlement was not made in good faith. Indeed, it was approved by the court and it resulted in a payment to the plaintiff as administrator to which the administrator would not be entitled if the Workmen's Compensation Law applied. When the claimant knowingly shared in the proceeds of the settlement by the administrator, she lost the right to assert that the administrator had no cause of action and without such assertion she is entitled to no award.

The order of the Appellate Division and the award of the State Industrial Board to the mother should be reversed and the claim dismissed, with costs in this court and in the Appellate Division against the State Industrial Board.

CROUCH, J. (dissenting). The effect of this decision seems to me to be contrary to the intent and spirit of the Workmen's Compensation Law. An employee may not waive his right to compensation. (Workmen's Compensation Law, § 32.) Compensation or benefits may not be released or commuted except as provided by that law.

(Workmen's Compensation Law, § 33.) We are merely pointing out a method by which those provisions may be circumvented. The record shows that the claimants did not know whether 231 Lexington Avenue Corporation was the employer of the deceased or not. They acted on the best information procurable. But 231 Lexington Avenue Corporation knew its own status and took advantage of that knowledge by a settlement which netted a dependent mother less than the benefits to which she was entitled. To me the award made by the Industrial Board and affirmed by the Appellate Division seems logical enough under the circumstances. Since 231 Lexington Avenue Corporation was in truth an employer and not a third party, the mother was awarded the benefits to which she was entitled and the employer was permitted to offset her share of what it had in reality voluntarily paid. It made its own bargain in the light of complete knowledge of the facts and may not be heard to complain.

CRANE, Ch. J., O'BRIEN, HUBBS and FINCH, JJ., concur with LEHMAN, J.; CROUCH, J., dissents in opinion, in which LOUGHRAN, J., concurs.

Order reversed, etc.