In the Matter of an Award of $1,300 Made to the " Special Fund " under the Workmen's Compensation Law on Account of the Death of JOHN J. RYAN, against SHEFFIELD FARMS COMPANY, INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of $1,300 to the Industrial Commissioner ($500 to the " Special Fund," subdivision 8 of section 15 of the Workmen's Compensation Law; $500, " Vocational Rehabilitation Fund," subdivision 9 of section 15 of the Workmen's Compensation Law; and $300, " Fund for Reopened Cases," section 25-a of the Workmen's Compensation Law) made against the alleged employer, a self-insurer, in connection with the death of John J. Ryan, who was survived by his widow, Anna J. Ryan, who was appointed his administratrix, and two sons aged respectively twenty-four and seventeen years. The widow commenced an action against Sheffield Farms Company, Inc., and the driver of its motor truck, which struck decedent while he was walking along a sidewalk on West Fifty-sixth street, in New York city; and, as alleged in the complaint, while " the decedent  *  *  *  was not engaged in any work or employment on behalf of the defendant, Sheffield Farms Company, Inc." After negotiations, and following the making, by the Surrogate's Court of New York county, of an order permitting, the action was settled by the payment of $10,000 to the administratrix. Thereafter, by a decision of a referee and the State Industrial Board, a deficiency award was made to the widow which, upon the advice of the Attorney-General, was later rescinded by the individual members of the Board upon the authority of *Matter of Russell* v. *231 Lexington Avenue Corporation* (266 N. Y. 391). The award to the Special Funds, from which the appeal is taken, was thereafter made. It should be reversed for one of the following reasons: (1) If the injuries were received by decedent while he was not employed by the Sheffield Company, as alleged in the complaint, and as recognized by the State Industrial Board when it rescinded the award of deficiency compensation to the widow, then the death was not the result of an industrial accident and there is no basis for the award to the Special Funds; or (2) if there was an industrial accident, the payment of $10,000 by the employer to the widow and minor son was in fact compensation, and the Board may not make an award to the State upon the theory that there were no dependents. Award reversed, and claim dismissed, with costs against the State Industrial Board. Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ., concur.