In the Matter of the Claim of ANDREW AMORANDO, Respondent, against GIUSEPPINA D'ANTONIO, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— The non-insured employer appeals from a decision of the Workmen's Compensation Board awarding claimant compensation at reduced earnings for various periods of disability. Claimant was injured by the collapse of a wall while engaged in the operation of removing a partition in appellant's building. The issues here concern the jurisdiction of the board and the existence of an employer-employee relationship. On December 8, 1951, claimant brought action against appellant in Kings County Supreme Court for recovery under section 240 of the Labor Law. On March 7, 1952, he filed his claim in compensation, on which hearings were held and awards made. The court action did not come to light until November 19, 1952, on the occasion of a hearing on employer's application for review of the referee's decision. Then, in the course of an extended colloquy after claimant's attorneys had referred to the court action as quiescent and expressed the view that claimant's relief was in compensation, the referee held that the pending action ousted the board of juris-

diction until the action was dismissed or discontinued. Previous awards were rescinded and the case closed on the ground of the pending court action. Thereupon the attorneys of record in the Kings County action entered into a stipulation discontinuing it, which was filed in Kings County Clerk's office. When the compensation proceeding was sought to be reopened, this appellant disclaimed the discontinuance of the court action as being without her authorization. The attorney of record for her as defendant in that action has been retained by the insurance company carrying her public liability insurance in defending the action against her under the terms of its policy. The Referee overruled appellant's objection that her action was still pending and the compensation case proceeded to final decision and award. Appellant contends that the Workmen's Compensation Board lacked jurisdiction of the claim because claimant had made an election of remedies under section 11 of the Workmen's Compensation Law by instituting the Supreme Court action against her, an uninsured employer. On this record it cannot be said that there is evidence of such an election. Testimony that the complaint in the action contained no allegation that defendant was uninsured remains uncontroverted. That a litigant may misconceive his right or through mistake may attempt to exercise a right or remedy to which he is not entitled does not constitute a conclusive election. No binding election having been made, the board could properly assume jurisdiction after the discontinuance of the prior action. (*Matter of Tate* v. *Estate of Dickens*, 276 App. Div. 94, 97.) Appellant also contends that claimant was not her employee but was the helper of one De Matteo, with whom she had made a contract at an agreed price for the removal of the partition. The evidence as to the relationship, sharply conflicting, raised a question of fact which the board resolved in favor of the claimant. The determination, supported by substantial evidence, is final and conclusive. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.