### THIRD DEPARTMENT, AUGUST, 1959

## (August 13, 1959)

■ In the Matter of the Claim of JOHN MARTIN, Respondent, against C. A. PRODUCTIONS COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was employed as a dancer in a musical play. On the night of the play's final performance he was invited by the employer to attend a closing party held on the stage after the curtain had rung down to be attended by the cast and others. At the party claimant was unjustifiably assaulted and injured by a drunken guest, invited by the employer, whose condition could on this record be found to have been known to the employer. The first point on appeal is whether the injury arose out of and in the course of employment. Appellants argue that because claimant had received his final pay after the matinee performance in the afternoon and because the job was concluded when the curtain went down, that attendance at the party was no longer part of the employment; and, indeed, that the relationship of employer and employee had previously terminated. The time of payment of wages is not controlling, since the payment included the evening performance, and an injury in the course of this would certainly have been in the course of employment. There is proof that this was " a cast party" given by the employer; that members of the cast were " expected to go closing night"; that it is " a general custom" on such nights to attend; and that claimant regarded attendance as " part of your [his] job" to attend, as well as " good business". In these circumstances the board was able to find that the affair which, under the aegis of the employer, continued on the very stage where the work was done, was so related to the employment as to be deemed a continuance of it; and that the injury sustained by claimant arose out of and in the course of employment. The second point raised on appeal is that the institution of a common-law action by the claimant against the employer and others " constituted a binding election "; and having " satisfied his claim at common law " he cannot seek " an inconsistent remedy ". The point argued before the full membership of the Workmen's Compensation Board was a little different from that now presented on appeal. There it was claimed that the civil action had been settled without the consent of the carrier; but it becomes apparent on appeal, and it is conceded, as we understand the record, that the same carrier settled the civil suit that covers the employer in compensation. Full credit was allowed by the board for such payment against any award and that question is not now pressed. There is no substance to the " election" theory. No legal issue is settled by a settled lawsuit. A civil claim may be asserted with due reservation of compensation rights; and it is plainly contrary to public policy to

permit a claimant to waive his rights to compensation; and he cannot waive them (Workmen's Compensation Law, § 32). Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.