Burke, J.
The sole issue to 'be determined is whether the prior successful prosecution and settlement of a claim in an action at law against the employer is a bar to a subsequent compensation claim against the same employer, for the same injury, now found to have been acquired during the course of employment.
Claimant was employed by C. A. Productions Company, a partnership, as a dancer in the musical show “ Where’s Charley ’ ’. At the close of the final performance he attended a cast party by invitation of Bay Bolger (star of the show) and his wife, Gwen Bickard (a partner in the employer company). There was evidence that these closing night parties were frequent and customary and claimant himself felt that it was part of his job and that it was “ good business ” and he was “ expected to be there ”, At the party, which was held on the theatre premises, claimant was assaulted and struck in the face by an intoxicated visitor.
*229 A claim for compensation was initially filed on September 18, 1950. A notice of controversy, alleging that the accident did not arise out of and in the course of employment, was thereafter filed by claimant’s employer. Claimant subsequently commenced a personal injury action in the Supreme Court, Queens County, against Bay Bolger, Gwen Bickard, O. A. Productions Company, his assailant, and the owner of the theatre.
On February 21, 1951, at the request of claimant’s attorney, the compensation case was closed “ pending the outcome of 3rd party action ’ ’. The personal injury action was subsequently settled for $7,500. Of this amount appellant carrier paid $2,500 on behalf of its insured, C. A. Productions Company, and the balance of $5,000 was paid by another carrier on behalf of its insured, Gwen Bickard.
Subsequent to this settlement the compensation proceeding was reopened on claimant’s application. The board panel affirmed the Beferee’s award, and found that the accident arose out of and in the course of employment and that claimant is not estopped from bringing compensation proceedings. The only question reviewed by the full board was ‘ ‘ whether claimant having instituted an action against the employer and others and having recovered, should now be permitted to proceed with his compensation claim.” The Appellate Division has affirmed the board’s finding that “ claimant is not precluded from proceeding with his claim ”.
On this appeal appellants contend that since there has been a successful personal injury settlement the claimant should be barred from instituting a compensation proceeding. They rely on Matter of Russell v. 231 Lexington Ave. Corp. (266 N. Y. 391). The Russell case compels a reversal.
In our view, since the rule of Russell has been recognized and followed (Matter of Ryan v. Sheffield Farms, 256 App. Div. 867 [deficiency award to widow made subsequent to settlement of action was thereafter rescinded on authority of Russell case]), and has not met with the apparent disapproval of the Legislature, it does not seem appropriate to consider a reversal of the policy announced in that ease.
In Russell the deceased employee died from injuries arising out of and in the course of her employment as an elevator operator in a building owned by 231 Lexington Avenue Corpora *230 tion. “ [T]here was some doubt as to whether the deceased was in the employ of Hopkins [the superintendant], or of 231 Lexington Avenue Corporation.” (266 N. Y. 391, 394, supra; matter in brackets supplied.) Decedent’s administrator brought an action at law against Lexington and Nelson, a third party. This action was settled before trial by payment of $5,000 by Lexington and $750 by the third party. Decedent’s mother and father shared equally in the proceeds, but the mother, being dependent, instituted a compensation proceeding in order to recover the deficiency between this amount and the amount she would have been entitled to under the Workmen’s Compensation Law. The board, as here, ignored the settlement, and made an award. This court reversed the award and dismissed the claim, stating that “ [t]he action at law brought against 231 Lexington Avenue Corporation could be maintained only if the defendant was not the employer, and a judgment in the action in favor of the plaintiff would have constituted an adjudication that the defendant’s affirmative defense that it was the employer and was covered by insurance was without substance. The settlement of the action, though not a formal adjudication of the issues, constitutes a bargain between the parties that the claim against the defendant should be satisfied by payment of the sum of $5,000.” (266 N. Y. 391*, 395-396; emphasis supplied.)
It is to be noted that the Russell case is in substance almost factually identical to the case at bar except that in the former it was the employer-employee relationship which was doubtful, while in the latter it is the occurrence of an industrial accident. Both factors are, of course, jurisdictionally vital to the maintenance of a workmen’s compensation proceeding, and the absence of either would relegate a claimant to an action at law.
It is our opinion, therefore, that the claimant cannot have the benefit of both remedies. A party should not be permitted to experiment with an action at law for the purpose of ascertaining how much he can get, and then, if dissatisfied, repudiate the recovery and seek to claim the benefits of workmen’s compensation. Although section 32 of the Workmen’s Compensation Law (prohibiting compromise and waiver) is intended to protect a claimant from his own improvidence and folly, it was certainly not intended to permit harassing and inconsistent *231 actions resulting in unnecessary and prolonged litigation and possibly multiple recoveries. If we were to allow claimants to so proceed, via this legally calculated scheme, we would certainly discourage settlement and encourage vexatious litigation. This, of course, is also binding on those claimants who first seek and recover in compensation proceedings, and then attempt an additional recovery, on an inconsistent theory, in an action at law (Legault v. Brown, 283 App. Div. 303 [complaint now stating that injury not accidental was dismissed]).
The cases relied on by the respondent are quite distinguishable. They merely recognize the well-settled principle that there is no binding election when an employee pursues a remedy which is unavailable. (See, e.g., Matter of Tate v. Estate of Dickens, 276 App. Div. 94, 98-99; Matter of West v. Wood, 266 App. Div. 705.) Neither is the board divested of jurisdiction where a claimant has voluntarily discontinued his action against the employer (Matter of Bellini v. Great Amer. Ind. Co., 299 N. Y. 399), nor where the action at law against the employer is still pending (Matter of Amorando v. D’Antonio, 285 App. Div. 916; Ianni v. United States Gypsum Co., 264 App. Div. 934).
In the case at bar there has been much more than a mere pending action or unavailable remedy. The claimant has here successfully terminated, by settlement, his action at law. ‘ ‘ By reason of the successful position thus taken by him in the prior action, defendant ‘ comes within the rule that a claim made or position taken in a former action or judicial proceeding will estop the party from making any inconsistent claim or taking a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party ’ [case cited] ” (Sengstack v. Sengstack, 7 Misc 2d 1012, 1019, affd. 4 A D 2d 1035, affd. 4 N Y 2d 502; Houghton v. Thomas, 220 App. Div. 415, 423, affd. 248 N. Y. 523).
Accordingly, the order of the Appellate Division should be reversed and the claim dismissed.