Chief Judge Desmond (dissenting).
Although claimant was (as properly found by the board) injured in the course of his employment, this court now holds that he has debarred himself from claiming workmen’s compensation because he accepted *232 money in settlement of a suit against Ms employer. Such a result is in direct opposition to the fundamental policy of the act which forbids waiver, compromise or release of an employee’s rights to workmen’s compensation benefits (Workmen’s Compensation Law, §§ 31, 32, 33; Matter of Cretella v. New York Dock Co., 289 N. Y. 254). The board and the Appellate Division, in allowing to the employer a credit against the award in the amount of the settlement, did full justice to the parties and complied with the letter and the policy of the act.
There is no authority for a reversal here. Matter of Russell v. 231 Lexington Ave. Corp. (266 N. Y. 391) is not in point, and for two reasons. First, it covered a situation where the identity of the employer was in real doubt. Second, it was decided at a time when section 29 of the act (unlike the present form of that section) provided for a binding election not to take workmen’s compensation but to sue a “ third party ”.
The order should be affirmed, with costs.
Judges Fuld, Froessel and Van Voorhis concur with Judge Burke ; Chief Judge Desmond dissents in an opinion in which Judge Dye concurs; Judge Foster taking no part.
Order reversed, the award of the Workmen’s Compensation Board annulled and the claim dismissed, without costs.