In the Matter of the Claim of JUNIOR E. THOMAS, Respondent, *v.* FRANCES GEORGIOU et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 7, 1963.

*Morris N. Lissauer* and *Joseph M. Soviero* for appellants.

*Israel & Leeds* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General (John J. Quinn* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

TAYLOR, J. On February 10, 1957 claimant was engaged in painting the interior walls of a shaft in a building owned by the employer when a supporting rope of the dumbwaiter which it housed, upon the platform of which he was standing, suddenly broke causing it to drop several stories. Personal injuries sustained as the result of the fall have been found to be compensable.

In the following month claimant instituted a personal injury negligence action against the employer in the Supreme Court, New York County, in which the complaint alleged the fact that an independent contractual relationship existed between the parties at the time of the injury. The answer interposed denied its material averments and alleged as a separate and complete

defense to the cause of action that the remedies provided by the Workmen's Compensation Law were exclusive. (§ 11.)

Claimant thereafter filed a claim for compensation dated May 31, 1957 in which notice of the pending action was given; at the first hearing before the Referee the case was closed "pending outcome of third-party action."

At a hearing held in the Supreme Court on February 17, 1960 the plaintiff was sworn as a witness. He testified to a willingness to accept defendant's offer of $3,000 " in consideration of an undertaking by [him] not to ever institute any other or similar or like action against Frances Georgiou for the injuries that [he had] sustained." Leading questions by counsel stressed the fact that no settlement of the cause of action was then in progress and that plaintiff was reserving " such rights, if any, as [he] might have against the defendant in this action under and pursuant to the Workmen's Compensation Law ". In the course of the interrogation the following occurred: " Q. You understand, sir, that if you take that money, you can truthfully say that you did not settle your claim against this person, you just promised not to pursue this claim or to institute any other action at law, similar action? You understand that? A. I understand." At the conclusion of the testimony of the plaintiff the court upon the stipulation of the parties marked the cause discontinued without costs. The record contains also an instrument titled " Covenant Not to Sue or to Continue Suit " in which plaintiff acknowledged receipt of the payment of the consideration by defendant, gave similar nonprosecutory assurances and purportedly reserved his right, if any, to compensation benefits. The document further stated that it was not to be construed as a general release.

Subsequent to the termination of the common-law action hearings were resumed before the Referee who at the conclusion of which disallowed the claim upon the ground that claimant had " settled his third party action without consent of carrier." In reversing this decision the board found " that the action commenced against the employer was not a third party action and the settlement of such action is not an election of remedy as claimant's rights under the Compensation Law had been reserved." Upon remittal the Referee made the award appealed from.

The stratagem employed cannot disguise the fact that there was here a binding settlement of the suit against the employer by which the claimant brought the personal injury litigation to a successful conclusion. He has been permitted subsequently to pursue and favorably to terminate a statutory claim for com-

pensation benefits upon an entirely inconsistent theory of employer-employee relationship. The established judicial policy of the State resting essentially upon the rule of estoppel precludes the enforcement of both remedies. By his election to take the benefit which accrued from the settlement of the action at law claimant debarred himself from reviving and further prosecuting the compensation proceeding. (*Matter of Martin* v. *C. A. Productions Co.*, 8 N Y 2d 226; *Matter of Russell* v. *231 Lexington Ave. Corp.*, 266 N. Y. 391; *Legault* v. *Brown*, 283 App. Div. 303.) Of no moment was the reservation dealing with the possibility that rights under the Workmen's Compensation Law may have survived the adjustment of the action — the predicate upon which the board panel relied to justify the dual recovery. By operation of law the settlement extinguished the capacity to assert the claim and left no residual statutory right which could be legally pursued. The contention now urged by the respondent board that the participation of the employer in the settlement estopped her and the carrier from resisting the attempt on the part of claimant to enforce a barred remedy is without merit.

The decision and award should be reversed and the claim dismissed, with costs against the Workmen's Compensation Board.

BERGAN, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Decision and award reversed and claim dismissed, with costs against the Workmen's Compensation Board.