**ALASKA WORKMEN'S COMPENSATION
BOARD et al., Appellants,**

v.

**Merlyn MARSH, in his own right and Evonne
Marsh, Individually, and as Guardian
of Merlyn Marsh, Appellees.**

**No. 2449.**

Supreme Court of Alaska.

March 8, 1976.

Sanford M. Gibbs and Timothy M. Stone, of Hagans, Smith & Brown, Anchorage, for appellants.

Peter B. Walton, Anchorage, for appellees.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

## OPINION

CONNOR, Justice.

The question presented in this appeal is whether the Alaska Workmen's Compensation Board correctly refused to entertain an applicant's claim for compensation. In this instance the board refused to act because a civil action, based upon the same occurrence as the claim for workmen's compensation, was pending in the superior court. The appellants urge that the board can properly withhold action, and thus they seek reversal of the superior court's order remanding the case to the board for determination of appellee's workmen's compensation claim. Because of the amount of time already consumed in the litigation of this case, we announced our decision from the bench following consideration of the briefs and oral argument.[1] We affirm the substance of the superior court's order, and remand the case to the superior court for a further remand to the Alaska Workmen's Compensation Board for a determination of appellee's workmen's compensation claim.

The factual and procedural background of this case is as follows. On March 14, 1971, Merlyn Marsh was struck and seriously injured by a lodge member at Lodge #1534, Loyal Order of the Moose, in Anchorage. Marsh had been working as a bartender at the Moose Lodge that evening, but it is not clear whether he was injured in the course of his employment.

Shortly after the incident, Marsh gave notice of his intent to claim compensation benefits. However, he did not pursue his compensation remedy at that time.[2]

Seven months later, on October 28, 1971, Marsh brought an action at law against Lodge #1534, Loyal Order of the Moose, in the superior court, alleging that his injuries were proximately caused by the negligence of the Moose Lodge. In response, the lodge filed an answer asserting, *inter alia*, that Marsh was injured in the course and scope of his employment and that his exclusive remedy lay before the workmen's compensation board.

On March 7, 1973, pursuant to the letter-notice given to the board two years earlier, Marsh filed an application for adjustment of claim with the Alaska Workmen's Compensation Board. In it he alleged that his injuries were received during the course of and within the scope of his employment with the Moose Lodge, and were, therefore, compensable under the Alaska Workmen's Compensation Act. At that time, extensive discovery had already been completed in preparation for the civil suit

1. We note that seventeen months elapsed between Marsh's appeal from the board's order and the superior court's order from which this appeal has been taken.

2. Marsh notified the Alaska Workmen's Compensation Board by a letter dated March 18, 1971, of his possible claim for workmen's compensation benefits for the injuries he had sustained. On March 25, 1971, the Director of the Alaska Workmen's Compensation Board sent notice to the Lodge's compensation carrier, Commercial Union Assurance Companies, that Marsh had filed notice of a possible compensation claim, and requested that the carrier advise the board if the injury was considered compensable under the compensation act or if it intended to controvert payment of benefits. Thereafter, on March 31, 1971, the lodge and its compensation carrier filed a notice to the board that Marsh's claim would be controverted. No further action was taken with regard to the compensation claim at that time.

and the suit was nearly ready for trial in the superior court.

Two days later, on March 9, 1973, Marsh entered into a settlement agreement with the Moose Lodge, through its general liability carrier. The function of the agreement was basically to shift the litigation from the superior court to the compensation board, thus placing the burden of defense on the Lodge's compensation carrier instead of its general liability carrier. Pursuant to the agreement, Marsh agreed to abandon any further action in the superior court and instead to assert his rights, if any, for benefits under the Alaska Workmen's Compensation Act. In consideration therefor, the Moose Lodge agreed that if Marsh should not prevail in his compensation claim because of a determination that his injuries were not work related, he would nevertheless be paid $72,500 by the lodge through its general liability carrier. Further, the parties agreed that if Marsh's injuries were determined by the board to be covered by the workmen's compensation act, the suit in superior court would be dismissed.

On July 11, 1973, the board rendered a written decision and order, denying without prejudice Marsh's application for adjustment of claim.[3] Its decision was founded on two grounds. First, it construed Marsh's claim as being, in effect, a request for declaratory relief on the issue of whether his injuries were work-related, citing the settlement agreement as evidence of the declaratory nature of the relief sought. Finding no authority in the workmen's compensation act for declaratory relief, the board concluded it had no jurisdiction to entertain such applications. Second, the board stated that it would not take jurisdiction over a matter pending before the superior court, observing that it would be improper for it to pre-empt the jurisdiction of the superior court with regard to the controversy over Marsh's employment status.

Marsh appealed from the August 2, 1973 order of the workmen's compensation board, and requested that the case be remanded to the board for an adjudication on the merits. The superior court held that jurisdiction had been properly invoked before the board, and that the compensation claim should be heard by the board, with a determination of the coverage issue. The court also noted that it did not regard the board's function in this case to be that of making a declaratory judgment.

The decision of the board rests on two conclusions of law: (1) that Marsh's claim for compensation should be characterized as an action for declaratory relief, and (2) that the board did not have jurisdiction to hear Marsh's compensation claim so long as he had a civil suit pending in superior court in which he sought relief for the same injuries. These conclusions represent legal, not factual, determinations. Hence the full review accorded to questions of law is the appropriate standard of review in this case. *See Alaska State Housing Authority v. Sullivan*, 518 P.2d 759, 760 (Alaska 1974); *Hewing v. Alaska Workmen's Compensation Bd.*, 512 P.2d 896, 898 (Alaska 1973); *Laborers and Hod Carriers Union, Local No. 341 v. Groothuis*, 494 P.2d 808, 812 (Alaska 1972); *see also* AS 44.62.570(b)(3).

## (I)

■ Appellants assert that the superior court erred in ruling that Marsh's application before the workmen's compensation board was not in the form of an action

---

3. Marsh's application for adjustment of claim was set for hearing before the board June 7, 1973. At the hearing, the Moose Lodge, through its compensation carrier, contended that the board had no jurisdiction to entertain Marsh's claim at that time because of the pending litigation in superior court. The board then announced that it would refuse to take jurisdiction at that time. The board was not then advised of the settlement agreement. Later that day Marsh filed a motion for reconsideration advising the board of the agreement and pointing out that he was contractually precluded from proceeding to trial under the terms of the agreement.

for declaratory relief. We disagree. Marsh was not merely seeking a declaration of his rights and duties without seeking execution of performance from the opposing party, as is the case in actions for declaratory relief.[4] Pursuant to the settlement agreement, Marsh was to submit his claim to the board for full adjudication.[5] If the board determined that his injuries occurred in the course of his employment as a bartender for the Moose Lodge, the board's jurisdiction would necessarily become exclusive under AS 23.30.055, and Marsh's sole remedy would lie under the workmen's compensation act. The pursuit of any compensation claim for an employee's injuries involves an initial determination of the employee status of the applicant. That the board might find that the injuries occurred outside the scope of employment, and that it might, therefore, determine that it lacked subject matter jurisdiction, does not render Marsh's claim an action for declaratory relief.

### (II)

■ Appellants contend that the settlement agreement is void as against public policy, and that the trial court erred in finding to the contrary. They maintain that whenever one carrier attempts to shift litigation by agreement from one forum to another where the burden of defense will fall upon a second carrier, a potential for overreaching exists. Moreover, they claim that such maneuvering on the part of insurance companies is detrimental to the insured parties, since it places the insured in a position where it might have to breach its duty to cooperate with one carrier in order to satisfy another.[6] Appellants argue finally that the agreement is void because it was not signed by an official of the Moose Lodge but by the attorney for the Lodge's general liability carrier. We are not persuaded by appellants' argument. They cite no authority in support of their position. They have not demonstrated that the agreement is so onerous as to be against public policy.

### (III)

■ Appellants argue that the superior court should have upheld the workmen's compensation board's decision to deny jurisdiction so long as the civil suit was pending in the superior court. In support of this contention they refer to authority concerning the problems of concurrent jurisdiction, priority of jurisdiction and judicial discretion to withhold jurisdiction.[7] However, because of the peculiar facts in the case at bar, we are not faced with a true question of concurrent jurisdiction where parties attempt to adjudicate the same matter before two tribunals simultaneously.[8] Marsh, pursuant to the settlement agreement, gave up his action at law. The civil suit is still pending in a technical sense only, since Marsh has contractually

---

4. E. Borchard, Declaratory Judgments 25 (2d ed. 1941); *Pioneer Mut. Cas. Co. v. Pennsylvania Greyhound Lines, Inc.*, 68 Ohio App. 139, 37 N.E.2d 412, 419 (1941); *Brindley v. Meara*, 209 Ind. 144, 198 N.E. 301, 303 (1935); cf. *Jefferson v. Asplund*, 458 P.2d 995, 997 (Alaska 1969); AS 22.10.020(b).

5. Contrary to the board, we do not find the settlement agreement to be evidence of the declaratory nature of Marsh's compensation claim. We find the agreement instead to be evidence of Marsh's intent to pursue his compensation claim to the fullest extent possible.

6. This point was raised by the attorney for the Lodge and its compensation carrier at the compensation hearing on June 7, 1973. It should be noted that the general liability carrier is not a party to this appeal.

7. *See, e. g., Busick v. Workmen's Compensation Appeals Board*, 7 Cal.3d 967, 104 Cal. Rptr. 42, 500 P.2d 1386 (1972); *Jones v. Jones*, 54 Wis.2d 41, 194 N.W.2d 627 (1972); *Scott v. Industrial Acc. Comm'n*, 46 Cal. 2d 76, 293 P.2d 18 (1956); *Sea World Corp. v. Superior Court*, 34 Cal.App.3d 494, 110 Cal.Rptr. 232 (1973).

8. Were it not for the settlement agreement, the superior court and the workmen's compensation board would have concurrent jurisdiction on the issue of Marsh's employee status at the time of injury. *Sea World Corp. v. Superior Court*, 34 Cal.App.3d 494, 110 Cal.Rptr. 232, 234 (1973). This concurrence of jurisdiction in no way affects the proper application of *res judicata* principles.

abandoned his right to litigate his tort claim in superior court. Where pursuit of the claim has become an impossibility in one of the tribunals, we do not have to reach the question of which tribunal, if any, has priority of jurisdiction.[9]

■ Appellants assert that the superior court's ruling would mean that the workmen's compensation board must take jurisdiction in every case filed. Our holding is not so broad. But when a party's only effective remedy is before the workmen's compensation board, to deny jurisdiction, because of a civil action which is pending only in a technical sense, is error.

■ One additional issue remains for our attention. The superior court in the course of enunciating its decision compared the settlement agreement to a collateral source of benefits which cannot be considered in determining the obligation of one party to compensate the other for injuries received. The court's analogy is unfounded. Without consideration of the settlement agreement, the board would not be fully advised of the status of the claim before it.

The order of the superior court remanding the case to the Alaska Workmen's Compensation Board for a determination of the workmen's compensation claim is affirmed pursuant to our order of October 24, 1975.

AFFIRMED.

RABINOWITZ, Justice (concurring).

Although I am in agreement with the result reached by the opinion, my reasoning differs as to Part III. I construe the Alaska Workmen's Compensation Act[1] as mandating that the Board, when a claim for compensation is filed, determine the validity of the claim. The purpose of the Workmen's Compensation Act is to provide a simple and expeditious remedy for the benefit of injured workmen.[2] When a claim is controverted our Act directs the Board to investigate the claim, and upon application of an interested party to hold a hearing on it. The Act leaves no discretion in the Board to refuse to hold a hearing.[3]

Even if the Workmen's Compensation Act did not clearly indicate that determination of the question of whether an injury arose out of employment was vested with the Board, considerations similar to those underlying the doctrine of primary jurisdiction lead me to the conclusion that in the factual context of this case the Board erred in not holding a hearing. Primary jurisdiction involves the question of when it is appropriate for courts to defer to administrative agencies.[4] Here the question is whether it was appropriate, assuming legally permissible, for an administrative agency to defer to the courts. Alaska's Workmen's Compensation Act establishes a comprehensive system of compensation for employees as well as a Board to implement the system. A major objective

---

9. *See Amorando v. D'Antonio,* 285 App.Div. 916, 137 N.Y.S.2d 552 (1955). We distinguish the case at bar from the situation where there has been a successful settlement of a personal injury suit, and satisfaction of plaintiff's claim is not contingent on further proceedings before the board. *Martin v. C. A. Productions,* 8 N.Y.2d 226, 203 N.Y.S.2d 845, 168 N.E.2d 666 (1960).

I. AS 23.30.005 et seq. AS 23.30.020 provides in part that every contract of hire " . . . shall be construed as an agreement on the part of the employer to pay and on the part of the employee to accept compensation in the man-

ner provided in this chapter for all personal injuries sustained."

2. *Gordon v. Burgess Const. Co.,* 425 P.2d 602 (Alaska 1967).

3. AS 23.30.110(c) in part provides that when a claim for compensation is duly filed, "[t]he board shall make the investigation which it considers necessary in respect of the claim, and upon application of an interested party shall order a hearing on it."

4. *See* 3 K. Davis, Administrative Law Treatise § 1901 at 2–3 (1958) ; *G & A Contractors, Inc. v. Alaska Greenhouses, Inc.,* 517 P.2d 1379 (Alaska 1974).

of Alaska's Workmen's Compensation Act is to establish uniformity of interpretation and policy. In my view, this goal would be defeated if an employee's initial choice of forum were to be decisive of the question of which tribunal will determine coverage under the Act.[5]

----

5.  *Compare Somma v. United States,* 283 F.2d 149 (3d Cir. 1960).