■ MARTIN KARASIK, Individually and as Administrator of the Estate of GAYLE KARASIK, Deceased, Respondent, v ETTA BIRD et al., Appellants. — Order, Supreme Court, New York County (McCooe, J.), entered February 28, 1984, which granted plaintiff's motion to amend the bill of particulars to assert a new claim of malpractice, unanimously reversed, on the law and the facts and in the exercise of discretion, with costs and disbursements, and the motion denied.

In this wrongful death action plaintiff, the surviving husband, sued defendants, a psychiatrist and her employee, for malpractice in treating his wife, because of, *inter alia,* their alleged failure to diagnose, prescription of contraindicated drugs, and failure to conduct necessary physical examination. The decedent, with whom plaintiff lived until the time of her death, died of "fatty metamorphosis of the liver", or an enlarged nonfunctioning liver. Plaintiff alleged that had defendants observed certain standard procedures in their treatment of the decedent for psychiatric problems they would have discovered the enlarged liver and she would have received appropriate medical treatment. At trial defendants offered evidence, through expert testimony, that the enlarged liver resulted from decedent's alcoholism. Plaintiff, during trial, repeatedly denied that his wife was an alcoholic or even a moderate drinker. After a jury verdict for defendants, plaintiff appealed and this court, with two Justices dissenting, ordered a new trial because of error in disallowing certain opinion evidence. (98 AD2d 359.)

Shortly thereafter plaintiff moved for leave to amend the bill of particulars to include the new claim of failure to diagnose the decedent's alcoholism. Plaintiff attempted to justify the proposed amendment by arguing that evidence of his wife's alcoholism had first come to light in the original trial in the course of defendants' experts' testimony. Accepting this argument Special Term granted the motion. This was error. The proposed amendment cannot be justified at this late date and the motion should have been denied.

During pretrial discovery, at the original trial and on appeal, plaintiff consistently maintained, both through sworn testimony and written submissions, that the decedent was not an alcoholic. Now, almost 10 years after the commencement of this action and after a jury rejected his original claims, plaintiff, having succeeded in obtaining a new trial, has decided on a new tack, viz., defendants' failure to diagnose his wife's alcoholism, a claim which is totally at odds with his position at all previous stages of this litigation. It is a well-settled principle of law in this State that a party who assumes a certain position in a legal proceeding may not thereafter, simply because his interests have

changed, assume a contrary position. (See *Matter of Martin v C.A. Prods. Co.,* 8 NY2d 226, 231; *Houghton v Thomas,* 220 App Div 415, 423, affd 248 NY 523.) Invocation of the doctrine of estoppel is required in such circumstances lest a mockery be made of the search for truth.

Moreover, we believe that it was a clear abuse of discretion to permit amendment in the circumstances presented. The belated injection of a new claim of malpractice, completely foreign to those previously disclosed and litigated, over eight years after the original bill of particulars was served, is unfair and highly prejudicial to defendants. (See *Gutierrez v Enright,* 91 AD2d 972.) Concur — Sullivan, J. P., Asch, Silverman, Bloom and Alexander, JJ.