■ In the Matter of the Claim of BETTY K. GREEN, Appellant, v MICHAEL J. KAMALIAN et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J. Appeal from a decision of the Workers' Compensation Board, filed December 23, 1986.

Decedent was struck and killed by a falling tree on the employer's farm while cutting trees for firewood, a task for which he had been hired by the employer. Claimant, individually (as decedent's widow) and as administratrix of decedent's estate, commenced a wrongful death action against the employer and, after Supreme Court denied the employer's motion to dismiss based upon the exclusive remedy of workers' compensation, the action was settled by the payment of $65,000 to decedent's estate. Claimant thereafter filed a claim for death benefits and, based upon the holding in Matter of Martin v C. A. Prods. Co. (8 NY2d 226), the Workers' Compensation Board ruled that claimant was barred from seeking benefits by the successful termination of the negligence action against the employer.

On appeal, claimant argues that the Martin case has been effectively negated by subsequent cases which indicate that "primary jurisdiction" to determine the applicability of the Workers' Compensation Law is vested in the Board (see, e.g., Botwinick v Ogden, 59 NY2d 909; O'Rourke v Long, 41 NY2d 219). Thus, according to claimant, Supreme Court lacked jurisdiction to pass on the question of whether the Workers' Compensation Law was applicable as a defense in the wrongful death action, and the subsequent settlement was a nullity.

The rule of primary jurisdiction is a procedural one *(Botwinick v Ogden, supra,* at 911, n), and we agree with the employer that it does not divest Supreme Court of all jurisdiction to proceed whenever a question is presented as to the applicability of the Workers' Compensation Law *(see, Shine v Duncan Petroleum Transp.,* 60 NY2d 22). In any event, since the Court of Appeals has not overruled *Matter of Martin v C. A. Prods. Co. (supra),* we are bound by its holding, which we find applicable to the circumstances of this case *(see, Matter of Russell v 231 Lexington Ave. Corp.,* 266 NY 391).

Claimant also contends that an identity of parties is lacking since the parties to the wrongful death action were "the Widow and the Estate", while the parties to the claim for death benefits are "the Widow and children". A wrongful death action, however, is not brought on behalf of decedent's estate, but on behalf of decedent's distributees *(Dawson v Langner,* 106 AD2d 152, 153), which would include his children *(see,* EPTL 1-2.5, 4-1.1). As administratrix, claimant necessarily represented the distributees, including decedent's children, in the wrongful death action (EPTL 5-4.1, 5-4.4; *see, Bonilla v Abbott,* 113 AD2d 861).

Next, claimant contends that the Board erred in finding the claim untimely, since the employer failed to raise the issue at the first hearing *(see,* Workers' Compensation Law § 28). Having concluded that the Board properly ruled that the claim was barred by the successful settlement of the negligence action against the employer, we see no need to consider the alternative ground for the Board's dismissal of the claim.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.