■ MATTHEW N. BUBNELL et al., Respondents, v HOLMES AMBULANCE SERVICE CORP., Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Burstein, J.), entered January 12, 1989, which, among other things, *sua sponte,* declared a mistrial and directed that the defense of workers' compensation interposed by the defendant be referred to the Workers' Compensation Board for resolution.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

The issue in the case at bar is whether the defendant is the alter ego of the plaintiffs' employer, such that, by virtue of workers' compensation, it is insulated from suit. It is well-settled New York law that where there exists a mixed question of law and fact concerning the applicability of the Workers' Compensation Law, the matter should be remitted to the Workers' Compensation Board for conclusive determination *(see, Botwinick v Ogden,* 59 NY2d 909; *O'Rourke v Long,* 41 NY2d 219). However, where, as here, a case has been in litigation for many years, and the parties appear in court ready to proceed to trial, it was an improvident exercise of discretion for the court to cause "operative prejudice" *(see, Shine v Duncan Petroleum Transp.,* 60 NY2d 22, 27) by staying the matter further while the Workers' Compensation Board decides this issue, which is readily susceptible of resolution by the trier of fact. Bracken, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.