**Clayton R. LOWDEN,**
**Plaintiff–Appellant,**

v.

**The ATCHISON TOPEKA AND SANTA FE RAILWAY, Defendant–Appellee.**

**No. 90–15859.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 1991.

Decided July 1, 1991.

Charlotte E. Costan, Burbank, Cal., for plaintiff-appellant.

William L. Thorpe, Phoenix, Ariz., for defendant-appellee.

Before GOODWIN, BEEZER and NOONAN, Circuit Judges.

GOODWIN, Circuit Judge:

Plaintiff sued his railroad employer for damages under the Federal Employers Liability Act (FELA). He appeals a summary judgment in favor of the railroad. We conclude that triable issues of fact require a remand for further proceedings.

Plaintiff came to the workplace after an unexplained absence, smelling of alcohol. His superior suspended him for violating company rules. Plaintiff left the office, and after a time interval of uncertain duration, attempted to cross the Winslow, Arizona railroad yards to retrieve his personal effects from the railroad bunkhouse car spotted on a track on the far side of the yards.

The route he chose to cross the yards was blocked by a freight train. Plaintiff attempted to climb over the train. The train moved, he fell off, and was injured.

The only issue on the motion for summary judgment was whether the court or a jury should decide whether an employee who is retrieving his personal effects from company property after disciplinary suspension is injured "while he is employed by such carrier in such commerce." *See* 45 U.S.C. § 51.

The parties agree that plaintiff had been removed from service and that the relevant collective bargaining agreement required suspension and investigation to run their course before his employment could be terminated.

The cases cited by the respective parties include no case of an injury befalling a workman who has no duties while under disciplinary suspension. Doubtful "while-employed" questions are left to the jury unless the facts are so free from doubt that the court can decide as a matter of law that the covered employment relationship did or did not exist. The FELA has been liberally construed in favor of the injured workman. *See Lewy v. S. Pac. Transp. Co.*, 799 F.2d 1281, 1288 (9th Cir.1986).

Because it is undisputed that plaintiff was a suspended employee rather than a discharged employee when injured, the important inquiry focuses on scope of employment rather than existence of the relationship.

In *Wilson v. Chicago, Milwaukee, St. Paul, & Pac. R.R. Co.*, 841 F.2d 1347 (7th Cir.), *cert. dismissed*, 487 U.S. 1244, 109 S.Ct. 1, 101 L.Ed.2d 953 (1988), plaintiff was injured during a drive away from the work site, during which plaintiff might have been looking for his supervisor or checking on repairs to his van, which had been used to transport employees to work sites. The court considered the following factors, and found that summary judgment for the railroad was improper:

> (b) the time, place and purpose of the act; (c) the previous relations between the master and the servant; ... (e) whether or not the act is outside the enterprise of the master ...; (f) whether or not the master has reason to expect that such an act will be done; (g) the similarity in quality of the act done to the act authorized.

*Id.* at 1355–56.

The court emphasized that "no one factor is dispositive." *Id.* at 1355. The court went on to say that there were two factual issues that should have gone to the jury in determining whether Wilson had acted within the scope of his employment: Wilson's motivation, and whether Wilson's act furthered the railroad's business. *Id.* at 1356.

In the present case, it appears at least arguable that Lowden's employer would expect him to retrieve his belongings before leaving the work premises. Also, it is arguably in furtherance of the railroad's business for Lowden to remove his effects

so that the next employee could be housed in the bunk car.

The parties dispute whether Lowden's injury occurred immediately after suspension or approximately five hours later. Resolution of that question by the trier of fact could shed light upon the "time, place and purpose" factor mentioned in the Seventh Circuit case.

In *Baker v. Texas and Pac. Ry. Co.*, 359 U.S. 227, 228, 79 S.Ct. 664, 665, 3 L.Ed.2d 756 (1959), the Supreme Court held that employee status is generally a question of fact for the jury to decide. "Only if reasonable men could not reach differing conclusions on the issue may the question be taken from the jury." *Id.* Summary judgment, therefore, was proper only if no reasonable jury could conclude that Lowden was an employee at the time of the accident. *See generally Valo v. Monessen Southwestern Ry. Co.*, 407 F.2d 1400 (3d Cir.1969) (finding a substantial dispute regarding who had control over plaintiff and therefore whose employee he was).

Defendant relies upon *Lowery v. Illinois Cent. Gulf R.R. Co.*, 891 F.2d 1187 (5th Cir.1990). Lowery was on furlough when he was injured. The court held that he was therefore not an "employee" at the time of the accident, stating:

> [T]here is no indication that Lowery had any duties furthering interstate commerce, because as a furloughed employee, Lowery simply had no duties at all.... The mere expectation that upon being recalled to work plaintiff will become an employee with duties affecting interstate commerce is not sufficient to bring the case within FELA.

*Id.* at 1191.

The facts of the present case distinguish this case from *Lowery*. Lowery's "presence at the railroad yard on the date of his injury was neither requested by nor known to [defendant]." *Id.* In the present case, Lowden's presence was certainly known, and a jury could find that it was requested or expected.

While we have found no FELA case squarely on point, worker's compensation law offers a reasonable analogy. A number of worker compensation cases discuss an employee's status upon termination of employment.

There is wide agreement in worker's compensation law that, upon quitting or being fired, an employee retains his employee status for a reasonable time while he winds up his affairs and leaves the employer's premises. *See* Larson, 1 Worker's Compensation Law § 26.10. This concept has been extended to include coverage for injuries arising from fights between the foreman and employee upon termination, *Peterson v. Moran*, 111 Cal.App.2d 766, 245 P.2d 540 (1952); *Alpine Roofing Co. v. Dalton*, 36 Colo.App. 315, 539 P.2d 487 (1975); injuries occurring during a cast party on stage after a final performance of a play, *Martin v. C.A. Prod. Co.*, 9 A.D.2d 550, 189 N.Y.S.2d 528 (1959), *rev'd on other grounds*, 8 N.Y.2d 226, 168 N.E.2d 666, 203 N.Y.S.2d 845 (1960); and injuries occurring after a worker who was hired for one day only stayed to talk with the employer 15–20 minutes after the end of her work. *Carter v. Lanzetta*, 249 La. 1098, 193 So.2d 259 (1966).

There is considerable disagreement, however, regarding whether one whose employment has terminated is considered an "employee" under workmen's compensation law when he returns to the premises to gather personal belongings. Because the disagreements are closely interwoven with the facts of each case, we hold that the jury, rather than the court, should resolve the facts in this case and decide whether the accident happened while the plaintiff was within the scope of his employment.

REVERSED AND REMANDED.