■ MELVIN RIFKIN et al., Appellants, v DAN'S SUPREME

SUPERMARKET, INC., et al., Defendants, and QFD OF NEW YORK, INC., et al., Respondents. [604 NYS2d 184] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Nahman, J.), dated August 14, 1991, which granted the motion of the respondents for summary judgment dismissing the complaint insofar as it is asserted against them, on the ground, *inter alia,* that the action was barred by the Workers' Compensation Law.

Ordered that the order is affirmed, with costs.

The plaintiff Melvin Rifkin was injured on April 3, 1986, when a milk delivery truck that he was unloading shifted and pinned him against a concrete stanchion. Mr. Rifkin applied for, and was awarded, Workers' Compensation benefits. The Workers' Compensation Board's notice of decision listed "Queens Farms Dairy" as Rifkin's employer. The plaintiffs thereafter commenced the instant personal injury action against the truck manufacturers, the supermarket where the accident occurred, and a number of other dairy companies. The respondents moved for summary judgment. In the motion papers, the respondent Holland Farms Milk Company, Inc., asserted that it was Mr. Rifkin's employer and that the action was, therefore, barred by the plaintiff's receipt of Workers' Compensation benefits, and the other defendant dairy companies asserted that they had no connection with the subject truck. The Supreme Court granted that motion, and the plaintiffs appeal.

Contrary to the plaintiffs' argument, the general rule regarding the Workers' Compensation Board's primacy to determine the applicability of the statute to a particular situation did not preclude the Supreme Court from determining the merits of the motion under the circumstances of this case *(see, Liss v Trans Auto Sys.,* 68 NY2d 15; *see also, Matter of Green v Kamalian,* 141 AD2d 936; *Bubnell v Holmes Ambulance Serv. Corp.,* 168 AD2d 408). Moreover, since the defendant Holland Farms Milk Company, Inc., was neither present nor represented at any Board proceedings, the listing of Queens Farms Dairy on the Board's notice of decision as Rifkin's employer had no preclusive effect on it *(see, Liss v Trans Auto Sys., supra; Fraser v Brunswick Hosp. Med. Ctr.,* 150 AD2d 754; *Jensen v Illinois Glove Co.,* 88 AD2d 1067; *Bradford v Air La Carte,* 79 AD2d 553). Since the plaintiffs failed to rebut the showing of Holland Farms Milk Company, Inc., that it was Rifkin's employer on the date of the accident, the Supreme

Court correctly held that the action against it was barred by the Workers' Compensation Law.

Similarly, since the plaintiffs failed to rebut the evidence that the truck in question was purchased, owned, and maintained solely by Holland Farms Milk Company, Inc., the Supreme Court properly granted summary judgment to the other defendant dairy companies; no triable issue existed as to their involvement in the incident. Balletta, J. P., Rosenblatt, Santucci and Joy, JJ., concur.