■ LINDA DESSER, as Executrix of ARTHUR DESSER, Deceased, Appellant, v IRVING SCHATZ et al., Respondents, et al., Defendants. JAMES SMITH, as Executor of ARTHUR A. DESSER, Deceased, Plaintiff, and LINDA DESSER, as Executrix of ARTHUR A. DESSER, Deceased, Appellant, v MILTON SHEEN et al., Defendants, and IRVING SCHATZ et al., Respondents. [648 NYS2d 595] —Judgments, Supreme Court, New York County (Kristin Booth Glen, J.), entered July 21, 1995, dismissing the complaints in these consolidated 1974 mortgage foreclosure and 1989 fraud actions, and bringing up for review an order of the same court and Justice, entered on or about June 30, 1995, which granted defendants' motion to dismiss on the ground of lack of standing, without prejudice, and gave plaintiff 60 days to move to reopen the Florida probate proceedings, unanimously affirmed, without costs. Appeal from the order unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

When the Florida Circuit Court dismissed the estate of

plaintiff's husband from probate and closed further administration thereof in 1985, plaintiff's representative authority to act as executrix on the estate's behalf terminated (*see, In re Transition Rule 14, Closing Inactive Probate, Guardianship & Trust Cases*, 280 So 2d 425). Accordingly, the court properly found that plaintiff lacked the capacity to act on behalf of the estate in both New York actions. Moreover, since plaintiff's counsel in the fraud action had previously affirmed that she should be permitted to sue as an individual as she was no longer executrix of her husband's estate and since she had misrepresented to the Florida courts that the estate had no assets, the motion court also properly invoked the doctrine of judicial estoppel to prevent her from now arguing that she could act in representative capacity and that the mortgage was an asset of the estate (*see, Karasik v Bird*, 104 AD2d 758). Finally, there was no showing that defendants had waived the defense of lack of capacity (*see, Matter of Gould v Board of Educ.*, 81 NY2d 446, 452).

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Ross, Nardelli and Mazzarelli, JJ.