■ Robert Model et al., Appellants-Respondents, v Christopher J. Elliman et al., Respondents-Appellants, and Janet U. McAlpin, Respondent. [659 NYS2d 755] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 28, 1995, which, in an action for a partnership dissolution and related relief, granted defendants' motion for reargument of an order, same court and Justice, entered April 25, 1995, granting partial summary judgment to plaintiffs, and, upon reargument, vacated the initial order and granted defendants' motion to

amend their answer to include the affirmative defense of lack of standing, and order and judgment (one paper), same court and Justice, entered June 20, 1996, which, *inter alia*, granted plaintiffs' motion for reargument of the June 28, 1995 order, and, upon reargument, granted the motion of plaintiffs David Elliman, Ann McAlpin, David McAlpin and Loring McAlpin to strike defendants' standing defense as against them; granted the motion of plaintiff David Elliman to amend the complaint so as to allow him to join as a plaintiff on the fourth, fifth and tenth causes of action; granted plaintiff David Elliman summary judgment on the fourth cause of action alleged in the second amended verified complaint; granted plaintiffs summary judgment on the first, third and seventh causes of action, declaring the partnership in question dissolved as of December 1990; granted plaintiffs a permanent injunction, enjoining and restraining defendants from reconstituting the partnership in question without the unanimous consent of all partners, including plaintiffs, and declared that plaintiffs are entitled to an accounting; and denied plaintiffs partial summary judgment on the sixth cause of action for breach of fiduciary duty, unanimously modified, on the law, only to the extent of denying plaintiff Elliman summary judgment on the fourth cause of action, and otherwise affirmed, without costs or disbursements.

The IAS Court correctly determined that a dissolution pursuant to Partnership Law § 62 took place in accordance with the terms of the parties' partnership agreement upon the dissolution of one of the corporate partners as well as upon dissolution of certain of the trust partners. Defendants themselves alleged December 31, 1990 as the date of dissolution of the corporate partner, and are precluded from disputing the date of dissolution for the first time on appeal. The IAS Court also properly interpreted section 7.02 of the parties' partnership agreement as requiring the unanimous consent of the nondissolving partners to reconstitute the partnership without the winding up of the partnership affairs. There are, however, issues of fact as to whether defendants, particularly the Co-Managing Directors, were entitled to rely upon the purported oral resignation of the Model plaintiffs, and the failure of the Elliman/McAlpin plaintiffs to sign the documents requisite to their admission into the partnership pursuant to section 6.01 of the partnership agreement, in attempting to move forward with a reconstitution without the consent of such partners. Such issues, and others, effectively preclude the grant of summary judgment on the remaining causes of action that were the subject of plaintiffs' partial summary judgment motions, notwithstanding the fact that defendants are judicially

estopped from asserting that the Elliman/McAlpin plaintiffs are not presently partners (*see, Karasik v Bird*, 104 AD2d 758).

However, the grant of summary judgment to plaintiff David Elliman on the fourth cause of action alleged in the second amended complaint was premature, as issue had not yet been joined (CPLR 3212 [a]), and there are issues of fact outstanding as to whether or not the attempted reconstitution and transfer of assets had been completed. Concur—Wallach, J. P., Nardelli, Tom and Mazzarelli, JJ.