In the Matter of the Claim of ANNIE WILLIAMS, Respondent, *v.* JULIUS KLEIN, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, January 20, 1972.

Herbert Lasky (Joseph F. Manes of counsel), for appellants.

Levidow & Levidow for claimant-respondent.

Louis J. Lefkowitz, Attorney-General (Daniel Polansky and Henriette Frieder of counsel), for Workmen's Compensation Board, respondent.

Cooke, J. These are appeals (1) from a decision of the Workmen's Compensation Board, filed October 29, 1970, which found timely filing of the claim for compensation and a causal relation between claimant's employment with Julius Klein, Inc. and her occupational disease and (2) from a decision of said board, filed March 24, 1971, awarding benefits therefor.

Claimant worked as a presser in various dry cleaning establishments for 25 years or more, being last employed by Corlears Cleaners from August 12, 1963 through September 7, 1963. Just prior thereto and from January 1, 1963 through June 8, 1963, she had worked for Julius Klein, Inc. During a hospitalization commencing on September 7, 1963 it was discovered that claim-

ant was suffering from myeloid metaplasia, a blood disease diagnosed by her physician as causally related to her occupational exposure to benzene, a cleaning solvent. On February 19, 1964 claimant filed for disability benefits against Corlears Cleaners, her last employer as required by section 45 of the Workmen's Compensation Law, but on November 13, 1967, after claimant's contention that she was subjected to benzene at Corlears was controverted, the board decided there was no causal relation between the employment there and her condition. Within 90 days and on January 3, 1968, claimant filed another claim against Julius Klein, Inc., the next to last employer.

Section 28 of the Workmen's Compensation Law provides that "the right to claim compensation under this chapter shall be barred * * * unless within two years after the accident * * * a claim for compensation shall be filed with the chairman * * *. The right of an employee to claim compensation * * * for disablement caused by * * * latent or delayed pathological bone, blood or lung changes or malignancies due to occupational exposure to or contact with * * * benzol * * * shall not be barred by the failure of the employee to file a claim within such period of two years, provided such claim shall be filed after such period of two years and within ninety days after disablement *and* after knowledge that the disease is or was due to the nature of the employment." (Emphasis supplied.) Section 44 specifies, in the case of an occupational disease, that "total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due" and, except for certain diseases or illnesses not pertinent, that "the employer who is made liable for the total compensation as provided by this section, may appeal to the board for an apportionment of such compensation among the several employers who since the contraction of such disease shall have employed such employee in the employment to the nature of which the disease was due". Section 45 then stipulates that notice is to be given to and the claim made against "the employer who last employed the employee * * * in the employment to the nature of which the disease was due and such notice and claim shall be deemed seasonable as against prior employers ".

The board had a right to find that the claim " was filed within 90 days after knowledge that the disease was due to the nature of her employment with Julius Klein, Inc. and therefore was timely filed ". To accept appellants' contention that said claim was not timely would produce a harsh result and one not in keep-

ing with the remedial nature of the Workmen's Compensation Law. It was not the Legislature's intent that a claimant be precluded from recovering benefits due to a good faith attempt to comply with filing requirements. Since it may take years, as here, for the board to determine the last employer to expose a claimant to the hazardous element, the section 28 time limitation could run out and claimant be left without a remedy, unless claimant files, in the first instance, against the employer ultimately found to be the correct last employer.

The notice and claim specified in section 45 are not "deemed seasonable" against prior employers for apportionment only, rather the procedures of said section are the exclusive means for filing a claim where an occupational disease is involved, and a timely filing thereunder is sufficient to toll the running of time under section 28 as against all who may be liable thereon.

The board's finding that claimant was exposed to benzene in her employment with Julius Klein, Inc. and its finding as to causal relation are supported by substantial evidence.

The decisions should be affirmed, with costs to the Workmen's Compensation Board.

HERLIHY, P. J. (concurring). While I concur, I would briefly comment on the procedure adopted by the board, it being the first such appeal to be considered by this court.

The claimant had worked in the dry cleaning business for 25 years. She filed a claim against her last employer, which was dismissed on the merits. Thereafter a new claim was filed against the present employer and compensation was awarded but, if the board had denied that claim, it would have been necessary for the claimant to file against the next successive employer and such procedure conceivably would continue down to the original employer and presents a serious question as to the time limitation contained in sections 44 and 45 of the Workmen's Compensation Law, to say nothing of the unwarranted delay in adjudicating the claimant's right to an award.

The simplest and most protective remedy, it seems, would be for the claimant to give notice to the last employer or to join all of the employers. If — as the majority opinion states — sections 40, 44 and 45 cannot be interpreted as so directing, the Legislature should further consider the procedural snag.

The claimant should not have to assume the responsibility of selecting the correct employer to whom notice is given and in so doing, possibly finding a claim outlawed or, at best, receiving an award after years of effort. Presently the claimant filed her original claim in February, 1964 and this court is affirming,

144

in January, 1972, not that claim but one subsequently filed in January of 1968.

GREENBLOTT, SWEENEY and SIMONS, JJ., concur with COOKE, J.; HERLIHY, P. J., concurs in a separate opinion in which GREENBLOTT, COOKE, SWEENEY and SIMONS, JJ., concur.

Decisions affirmed, with costs to the Workmen's Compensation Board.