■ In the Matter of the Claim of JOHN FISHER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 10, 1975, which reversed the decision of a referee and sustained an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground he voluntarily left his employment without good cause. Claimant was employed by a department store as an interior display trimmer from September 12, 1973 until March 21, 1975. He testified, in substance, that the reason he quit was because of the work pressure. It is undisputed that for economic reasons the store was forced to reduce the number of staff in claimant's department from three to two in October of 1974. Claimant admits that it was never necessary for him to work overtime or to consult a physician because of additional work. The board found that claimant voluntarily left his employment because of an increased work load and his dissatisfaction with working conditions caused by the reduction in staff; that under the circumstances he voluntarily left his employment for personal, noncompelling reasons and without good cause. Whether the circumstances under which claimant left his employment amounted to good cause is a factual question to be determined by the board. Since there is substantial evidence in the record to sustain the board's determination, the decision must be upheld. Decision affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.

■ In the Matter of the Claim of ROGER ROSSANO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 29, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment through misconduct. The board found that claimant absented himself from his employment for four consecutive days without notification to his employer in direct violation of a known company rule. It also rejected his claimed excuse of illness. Inasmuch as the testimony is in sharp dispute, the factual questions thereby raised are within the sole province of the board to resolve and when, as here, the determination thereof is supported by substantial evidence, it must be sustained *(Matter of Roth [Catherwood],* 34 AD2d 1081). There is also substantial evidence to support the board's conclusion that claimant's action rises to the level of misconduct *(Matter of De Grego [Levine],* 39 NY2d 180; *Matter of James [Levine],* 34 NY2d 491). Decision affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.