## Third Department, August, 1976

### (August 5, 1976)

■ In the Matter of the Claim of Rose C. Woods et al., Appellants. Philip Ross, as Industrial Commissioner, Respondent.—Appeals from a decision of the Unemployment Insurance Appeal Board, filed January 6, 1975, which reversed the decision of a referee and sustained initial determinations of the Industrial Commissioner holding both claimants ineligible to receive benefits effective various dates because they were not totally unemployed; charging claimant Woods with an overpayment of $750.25 in benefits ruled to be recoverable, and holding that she willfully made false statements to obtain benefits by reason of which a forfeiture of 76 effective days was imposed as a penalty in reduction of her future benefit rights; charging claimant Cadden with an overpayment of $713.75 in benefits ruled to be recoverable and holding that she willfully made false statements to obtain benefits by reason of which a forfeiture of 72 effective days was imposed as a penalty in reduction of her future benefit rights. The claimants were sewing machine operators who worked for the employer for many years. They were paid a salary and also on piecework. During the periods in issue they applied for insurance benefits and certified to total unemployment. The employer's records show that during the periods in issue, wages were paid to the husbands of the claimants. The employer testified that the claimants took work home while laid off and receiving benefits, and when they returned the finished work they told the employer that their husbands had done the sewing. This testimony contradicts the allegations by claimants that they were being paid for prior work. Although the earnings were attributed to claimants' husbands, admittedly the husbands could not sew and did none of the work. Questions of credibility are within the sole province of the board and its determinations thereon are final (Labor Law, § 623; *Matter of Roth [Catherwood]*, 34 AD2d 1081). There is substantial evidence in the record to support the finding that claimants willfully made false statements to obtain benefits and, accordingly, such finding is not to be disturbed *(Matter of Juris [Catherwood]*, 33 AD2d 852). Since claimants were aware that they had worked when they certified to total unemployment, such certifications were willfully and falsely made and benefits paid as a result thereof are recoverable (Labor Law, § 594). Decision affirmed, without costs. Koreman, P. J., Greenblott, Mahoney, Main and Herlihy, JJ., concur.