■ In the Matter of JOSEPH MAGAZZU, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 4, 1976, which affirmed the decision of a referee sustaining initial determinations of the Industrial Commissioner holding claimant ineligible to receive benefits because he was not totally unemployed; charging him with an overpayment of benefits ruled to be recoverable; and holding that he willfully made false statements to obtain benefits for which a forfeiture of benefit rights was imposed. By decision filed November 1, 1976 the board denied claimant's application to reopen and reconsider its prior decision. The question of whether this claimant was totally unemployed was an issue of fact within the province of the board, whose determination, if supported by substantial evidence, must be affirmed *(Matter of Weiss [Catherwood],* 28 AD2d 577; Labor Law, § 522). In the instant case, claimant worked for a limousine service owned by his son. He worked for his son for 21 weeks (20 weeks of employment is necessary for eligibility) and then was laid off. Claimant applied for and received benefits and extended benefits. Upon their termination, he returned to the corporate payroll of his son and worked from July, 1974 through February, 1975 and again began receiving unemployment benefits. The record reveals that the claimant's employment and unemployment bears no relationship to the amount of business which the limousine service was generating. It further appears that claimant limited his earnings in order to remain eligible for Social Security benefits. This proof constitutes substan-

tial evidence upon which the board could determine that claimant lacked total unemployment during the periods in question. Whether the claimant willfully misrepresented his unemployment for the weeks in question is a question of fact for the board's determination *(Matter of Kansky [Catherwood]*, 27 AD2d 887). From the evidence in this case, the board could fairly ascertain that claimant's employment and unemployment were controlled by the claimant and/or his son and not by the economic requirements of the business. Therefore, the benefits paid to claimant are recoverable (Labor Law, § 594). Decision affirmed, without costs. Koreman, P. J., Sweeney, Kane, Larkin and Herlihy, JJ., concur.