■ In the Matter of the Claim of DANIEL J. MURPHY, JR., Respondent, v HOPKINS & REILLY MASON CONTRACTORS et al., Appellants, and FIREMAN'S FUND INSURANCE COMPANIES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal by the employer and its carrier from a decision of the Workers' Compensation Board, filed May 28, 1980 and a corrected decision filed August 12, 1980, which awarded claimant disability benefits under the Workers' Compensation Law. In October, 1975, claimant, a brick-layer, filed a compensation claim against an employer for whom he had worked 10 weeks in 1974, alleging that by reason of that employment he sustained an occupational disease in the nature of asbestosis. Medical evidence causally relating his claimed disability to that work was not forthcoming and the case was closed. On April 8, 1978, claimant submitted a new claim for disability benefits, alleging asbestosis arising out of his relationship with Hopkins & Reilly Mason Contractors of Syracuse, New York, his employer from 1952 to 1971. Appellant CNA Insurance Company, the carrier on the employer's risk since 1971 and as of the date of the claim, controverted the claim. After concluding that claimant was disabled by reason of asbestosis as of September 8, 1977, the Administrative Law Judge awarded him benefits against Hopkins & Reilly at a compensation rate payable 50% by CNA and 50% by Fireman's Fund Insurance Companies, the employer's carrier prior to 1971. The case was continued on the issue of apportionment. When the board affirmed, this appeal followed. We find no egregious error in the Administrative Law Judge's allowing claimant to testify that he had been exposed to asbestos on the Syracuse State School job, or in refusing to afford appellants an adjournment to enable them to offer into evidence specifications of that job, on which claimant had worked during 1971. Claimant had already testified to exposure to asbestos over the course of 20 years of employment with Hopkins & Reilly and not just during that one project. The board's decision was predicated on those many years of exposure and the Syracuse State School job was simply not critical to that decision. The contention that substantial evidence was lacking to support a determination that claimant sustained asbestosis while employed by Hopkins & Reilly not only ignores the medical testimony, but claimant's own testimony regarding his extensive exposure to asbestos while in their employ. And contrary to appellants' assertions, we conclude that the board properly found the claim to be timely for it was filed within 90 days after claimant acquired knowledge that his disease was due to the nature of his employment with Hopkins & Reilly (Workers' Compensation Law, § 45; *Matter of Williams v Julius Klein, Inc., 38 AD2d 140)*. As for the issue of apportionment between the carriers, since that question has yet to be resolved by the Administrative Law Judge, we find it inappropriate to confront it now. Decisions affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

■ In the Matter of the Claim of DONNA MURPHY, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 6, 1980, which affirmed the decision of the Administrative Law Judge sustaining the revised initial determinations of the Industrial Commissioner holding claimant ineligible to

receive benefits because she was not totally unemployed; charging her with a recoverable overpayment of $2,177.50 in benefits; and holding that she willfully made false statements to obtain benefits by reason of which forfeiture of 272 effective days was imposed. Claimant received benefits of $65 weekly upon an original claim filed April 4, 1977 through January 15, 1978. She failed to disclose her regular visits to a local beauty salon where she performed receptionist and secretarial services in return for which she received hair cuts and styling without charge. The board affirmed findings that she fraudulently misrepresented her status to obtain benefits and imposed the penalties described above. The issue presented is whether the record contains evidence to substantiate the determination that claimant fraudulently misrepresented her employment status, which finding is a requisite to board review of any determination more than one year after it has been made (Labor Law, § 597, subd 3). We find substantial evidence in the record to support such finding in the affidavits of disinterested witnesses and in claimant's affidavit and testimony and, therefore, affirm *(Matter of Mantel [Ross], 67 AD2d 786; Matter of Magazzu [Ross], 57 AD2d 692; Matter of Utter [Levine], 52 AD2d 994)*. Attempts to explain or rehabilitate claimant's testimony comprise questions of credibility solely within the province of the board *(Matter of Woods [Ross], 54 AD2d 515; Matter of Gonzalez [Levine], 53 AD2d 725; Matter of Brewer [Levine], 53 AD2d 751)*. Willful misrepresentation is an issue solely within board province and being supported by substantial evidence, its determination should be affirmed *(Matter of Muller [Levine], 50 AD2d 1005)*. Claimant regularly performed services for which another employee would have been paid. Her reports affirming total unemployment being false and willfully made substantiate the sanctions imposed by the board. Decision affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.