ERVIN, Judge,
dissenting.
Although I agree with the majority that there is competent, substantial evidence (CSE) supporting the deputy commissioner’s (deputy) alternative finding that claimant voluntarily limited her income, I cannot agree that CSE supports his finding that claimant’s failure to report her 1983 injury was material and prejudicial to the employer/carrier (E/C). I would therefore reverse the order as to the determination relating to the lack of notice, affirm as to that of sheltered employment, and remand the case for further proceedings.
In my judgment, the deputy’s ruling that the claimant had failed to furnish timely notice of the second injury to the E/C did not properly take into consideration that *407 provision of Section 440.185(l)(b), Florida Statutes (1981), allowing the deputy to excuse claimant’s "failure on the ground that for some satisfactory reason such notice could not be given.” In our interpretation of the above provision, we have approved the following principle from Larson, stating that “ ‘[t]he time period for notice or claim does not begin to run until the claimant, as a reasonable person, should recognize the nature, seriousness and probable compensable character of his injury or disease.’ ” Slater v. United Parcel Serv., 507 So.2d 1146, 1148 (Fla. 1st DCA), review dismissed, 518 So.2d 1278 (1987) (quoting 3 A. Larson, Workmen’s Compensation Law § 78.41(a) (1987)). See also Herb’s Exxon v. Whatmough, 487 So.2d 1169, 1171-72 (Fla. 1st DCA 1986).
Although Dr. Crist testified that claimant never reported a second work-related injury to him, the record clearly reflects that no later than April 10, 1985, Dr. Crist was informed by the E/C of the possibility of the claimant having suffered a second industrial accident, and yet Dr. Crist never thereafter testified that the claimant’s condition was caused by the later injury. In fact, Dr. Crist opined in his depositions of February 7, 1987 and November 24, 1987, that claimant’s ten percent permanency rating was relatable to the first industrial injury occurring in 1980. I consider that because claimant was under the continuing care of Dr. Crist, a physician authorized by the E/C to treat claimant, both before and following her second injury, she may have reasonably believed that her unremitting sensations of pain were caused entirely by her first industrial injury; hence, there was no need to make a timely report of the second injury to her employer. Indeed, the deputy made no explicit finding in this regard.
The instant case is remarkably similar in its facts to those in Alaska State Hous. Auth. v. Sullivan, 518 P.2d 759 (Alaska 1974). There claimant had originally injured his knee in 1967, while working in a logging operation. Like claimant below, he was paid temporary compensation benefits for the injury. Following the initial accident, the injury flared up periodically and he constantly wore an elastic bandage around his knee. In 1970, while working for the second employer, he fell on his knee but did not report the fall or injury to anyone. Six months later, he filed a claim against both employers. Both defended by contending the claimant had failed to comply with the 30-day statutory notice requirement. The Supreme Court of Alaska held that his failure to provide notice complied with the satisfactory reason exception of the statute, in that the 1970 injury was not the type of injury that a reasonably prudent person would report at the time of its occurrence. Claimant had attributed his increasing pain to his 1967 injury, and even his doctors were unable to agree as to the specific cause of the injury. One doctor had concluded that the claimant’s condition was attributable to the earlier 1967 injury, while another stated that he did not consider it possible to say whether claimant’s condition was caused by the re-injury, or if it was coupled with, or due primarily to the initial injury. Based upon the inability of the treating physicians to agree upon the specific cause of claimant’s disability, the court concluded that claimant could quite reasonably have believed that his pain following the second injury was caused by the original accident.
I apply the same reasoning to the present case. Dr. Crist, the second orthopedist authorized by the E/C to treat claimant, although informed by the E/C of the possibility of a second injury, never altered his opinion that his impairment rating of ten percent was solely attributable to the injury of August 1980. In fact, Dr. Crist testified that the employee’s complaints, when he last saw her in November 1987, were similar to those when he first saw her in 1982, and were “part of the same spectrum of disease....” For that reason, he stated that he believed her complaints were all related to her initial injury of 1980. Additionally, Dr. Crist stated that when he first saw claimant following her second injury, which was one month thereafter, her complaints were then essentially unchanged from the previous evaluation which occurred in 1982. Finally, Dr. Crist was never asked whether his opinion regarding the causation of claimant’s injury *408 would have changed if he had been informed by claimant that a second industrial injury occurred in April 1983. Cf. Curtis v. Florida Correctional Inst., 509 So.2d 1192, 1194 (Fla. 1st DCA 1987) (deputy erroneously rejected testimony of two psychiatrists who had opined that claimant’s depression was causally related to her industrial accident for the reason that neither doctor stated that his opinion as to the causal relationship would have changed had he been fully apprised of claimant’s psychiatric history); Calleyro v. Mt. Sinai Hosp., 504 So.2d 1336, 1337 (Fla. 1st DCA), review denied, 513 So.2d 1062 (1987) (psychiatrist never asked whether his opinion regarding causation of claimant’s psychiatric injury would have changed if he had been aware of a prior single visit by claimant to a psychiatrist before the occurrence of the industrial accident). Given the above testimony by Dr. Crist, I consider that the deputy abused his discretion in refusing to excuse appellant’s failure to furnish notice to the employer of the second injury, because appellant could reasonably have believed that her continuing complaints of pain were caused only by the initial work-related injury of 1980.
Additionally, I find no support in the record that the failure to so report was material and prejudicial. The E/C was provided with a report from Dr. Charles Boring, an orthopedist, dated November 28, 1983, in which he stated that appellant had suffered a back injury while working in the cafeteria of K-Mart in April 1983. There is nothing in the record supporting the deputy’s determination that the E/C was prejudiced by the approximate seven-month delay from the date of injury until Dr. Boring’s report was forwarded to it.
I would therefore reverse the deputy’s first determination that the claimant’s failure to provide statutory notice to the E/C was material and prejudicial, affirm as to his alternative finding of voluntary limitation of income, and remand the case for further proceedings.