■ In the Matter of the Claim of DAVID R. LESPIER, SR., Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 14, 1991, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

The conclusion by the Unemployment Insurance Appeal Board that claimant's absence from work to visit his family was not a compelling reason, and that his actions therefore constituted misconduct disqualifying him from receiving unemployment insurance benefits, is supported by substantial evidence and must be upheld. Claimant testified that he could not remember if he received prior permission to be absent. However, the employer's representative testified that no advance permission had been given and that claimant had

previously been placed on probation for attendance problems. Although claimant denied that he had been told of the probation, he did admit that he had been warned about his excessive absences. In upholding the Board's decision, we note that witness credibility is a matter solely for the Board to resolve *(see, Matter of Woods [Ross],* 54 AD2d 515) and that unauthorized absences from work have been held to constitute misconduct *(see, Matter of Rossano [Levine],* 52 AD2d 1006). Claimant's remaining contentions have been considered and rejected as either unpreserved for review or lacking in merit.

Mahoney, P. J., Casey, Levine, Mercure and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.