■ In the Matter of ELLIE D'AMICO, Appellant. AEROFLEX LABORATORIES, INC., Respondent; JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 24, 1991, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged for refusing to move her car from a fire zone. According to the employer's representative, claimant was told that she would be terminated if she refused to move the car and that the area where she was parked was located on the employer's premises and marked with a "no parking" sign. He also testified that the maintenance crew goes through the parking lot every day and asks the owners of any illegally parked cars to move them. For her part, claimant admitted that she had complied with requests on previous occasions to move her car when parked in a no-parking zone, but that on this occasion she refused.

An employee's violation of a company policy of which the employee is aware has been held to constitute misconduct *(see, Matter of Green [Levine],* 53 AD2d 782), as has the refusal to obey a reasonable request of an employer *(see, Matter of Centineo [Levine],* 53 AD2d 759; *Matter of Flores [Levine],* 50 AD2d 1006). Given the facts of this case, there was substantial evidence to support the conclusion by the Unemployment Insurance Appeal Board that claimant's actions constituted misconduct *(see, Matter of Rossano [Levine],* 52 AD2d 1006).

Claimant's contention that she had been parking in that area for three months without a problem raised a question of credibility which was within the Board's exclusive province to resolve *(see, Matter of Woods [Ross]*, 54 AD2d 515). Claimant's remaining contentions have been reviewed and rejected as either being unpreserved for review or lacking in merit.

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.