Claimant left his job as a line cook after his employer changed his hours and compensation. The Board disqualified claimant from receiving unemployment insurance benefits on the basis that he voluntarily left his employment without good cause. Based upon our review of the record, we find that the Board's decision is supported by substantial evidence. Evidence was adduced at the hearing that claimant was unable to work the hours required as a salaried employee because he was taking college courses. As a result, the employer decided to reduce claimant's hours and pay him on an hourly basis. Claimant viewed this as a pay cut and quit his job. In view of the foregoing, we decline to disturb the Board's decision.

Cardona, P. J., Mikoll, Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of the Claim of JONATHAN S. GILBERT, Appellant. UNITED STATES CUSTOM SERVICE, Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [647 NYS2d 1017] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 6, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was terminated from his position as a customs inspector because he tested positive for the use of cocaine during a random drug test. The Board disqualified him from receiving unemployment insurance benefits on the basis that he was terminated for misconduct. Based upon our review of the record, we find that the Board's decision is supported by substantial evidence. Claimant does not dispute that he tested positive for the use of cocaine during a random drug test. He contends, however, that he suffers from drug and alcohol addiction and was not given an opportunity for rehabilitation prior to his discharge. At the hearing, claimant failed to present medical proof to substantiate his purported drug addiction or to establish that his drug use was attributable to his alcoholism. Consequently, we find no reason to disturb the Board's finding that claimant was terminated for misconduct (see, Matter of Rios [Pine Hill Trailways—Sweeney], 228 AD2d 760).

Cardona, P. J., Mikoll, Mercure, Crew III and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.