■ In the Matter of the Claim of RICHARD W. GROVER, Appellant. WASTE-STREAM, INC., Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [650 NYS2d 392] —Cardona, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 17, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

In his capacity as a manager at a trash and recycling facility, claimant signed a "Supervisor's Acknowledgment of Substance Policy and Procedure" on December 31, 1990 acknowledging, *inter alia,* the employer's policy of random drug testing and that his refusal to submit to a random drug test would be considered insubordination that could result in termination.

On January 20, 1992, claimant was advised that he had been selected to submit to a random drug test and that he had a 36-hour window beginning the next day within which to provide a urine sample. Claiming concern for confidentiality since the hospital administering the test required his Social Security number to be placed on the sample, claimant never took the test. He was notified on April 20, 1992 that he was being terminated effective April 22, 1992 because of his refusal to submit to the drug test.

Claimant's application for unemployment insurance benefits was initially denied on the ground that he was terminated for misconduct. This determination was then overruled by an Administrative Law Judge, who found that claimant's employment did not end under disqualifying circumstances. Nevertheless, the Unemployment Insurance Appeal Board reversed, finding that claimant's refusal to submit to the random drug test under these circumstances constituted misconduct.

Our review of the record indicates that substantial evidence exists to support the Board's decision. The record supports the Board's finding that claimant was on notice that random drug testing was a term and condition of his employment (*see, Matter of Atkinson [B.C.C. Assocs.—Hudacs]*, 185 AD2d 415; *Matter of Hill [Hartnett]*, 172 AD2d 954). Clearly, an employee's violation of a company policy of which the employee is aware can constitute misconduct (*see, e.g., Matter of D'Amico [Aeroflex Labs.—Hudacs]*, 186 AD2d 331). Here, the Board could reason-

ably determine that claimant's refusal to submit to the drug test, despite reasonable assurances that his confidentiality would be protected and his prior written consent to the employer's random drug testing policy, constituted misconduct on his part disqualifying him from receiving unemployment insurance benefits.

Claimant's other contentions have been examined and found to be lacking in merit.

Mikoll, Mercure, Crew III and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.