■ In the Matter of the Claim of THOMAS P. BRISTOL, Appellant. NEW YORK STATE ELECTRIC AND GAS CORPORATION, Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [655 NYS2d 687] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 14, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was terminated from his employment as a meter reader collector after he failed to appear at a random drug test required by his employer. Claimant contends that he was unable to attend the drug test because he had an emergency dental appointment that could not be rescheduled. The Unemployment Insurance Appeal Board denied claimant's application for unemployment insurance benefits upon the basis that he was terminated for misconduct. Claimant appeals, arguing that attending to his medical condition, which precluded him from appearing for the drug test, did not rise to the level of misconduct.

Misconduct is a question of fact for the Board to resolve and the Board's decision will not be disturbed if it is supported by substantial evidence (*see generally, Matter of Pullum [Sweeney]*, 224 AD2d 897). Although claimant assured his employer that he would submit to the drug test, claimant instead attended his dental appointment. Claimant was aware that he was required to appear if he was selected for random drug testing; however, he did not attempt to reschedule his dental appointment, nor did he inform his employer that he would not be appearing for the drug test. Following his dental appointment, claimant went back to work and never reported for the drug test. Based upon our review of the record, we find that there is substantial evidence to support the Board's decision that claimant was terminated due to misconduct (*see, Matter of Grover [Waste-Stream, Inc.—Sweeney]*, 233 AD2d 809). Claimant's

remaining contentions have been examined and found to be lacking in merit.

Mercure, J. P., Crew III, White, Casey and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.