■ In the Matter of the Claim of ROBERT F. DOUGLAS, Appellant. COMMISSIONER OF LABOR, Respondent. [672 NYS2d 534] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 27, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment with a construction company after he failed to provide a reliable urine specimen for mandatory drug testing. Although claimant went to the test center at the appointed time, he provided a urine specimen that was determined to be suspiciously cold. Citing another appointment, claimant refused to wait and provide another sample and was told that he would have to reschedule another appointment through his employer. Claimant failed to inform the employer of the problem until three days later, prompting his termination. The Unemployment Insurance Appeal Board determined that claimant's actions constituted disqualifying misconduct. We affirm. Here, the record indicates that claimant was on notice that drug testing was a term and condition of his employment (*see, Matter of Grover [Waste-Stream, Inc.—Sweeney]*, 233 AD2d 809). Given the problems with the sample submitted by claimant and his delay in notifying the employer of the situation, we find that there is substantial evidence to support the Board's decision that claimant was terminated due to misconduct (*see, Matter of Bristol [New York State Elec. & Gas Corp.—Sweeney]*, 238 AD2d 644).

Claimant's remaining arguments, including his assertion that the employer did not timely appeal the determination of the Administrative Law Judge to the Board, have been examined and found to be unpersuasive.

Cardona, P. J., Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.