■ In the Matter of the Claim of ALLAN S. GORDON, Appellant. COMMISSIONER OF LABOR, Respondent. [718 NYS2d 228] —Ap-

peal from a decision of the Unemployment Insurance Appeal Board, filed August 24, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a warehouse supervisor after he refused to submit to a random drug test required by his employer. The record establishes that claimant received an employee handbook outlining the employer's policy regarding random drug testing which noted that refusal to submit to the random drug test would be considered insubordination and result in termination. Inasmuch as claimant was aware of and signed an acknowledgment that he understood the terms and conditions of his employment, substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant's refusal to submit to the drug test constituted disqualifying misconduct (*see, Matter of Flaherty [Sweeney]*, 239 AD2d 647; *Matter of Grover [Waste-Stream, Inc.—Sweeney]*, 233 AD2d 809). Although claimant contends that he was not randomly selected for the drug test, a contention that the employer disputes, this created a credibility issue for resolution by the Board (*see, Matter of Derian [Sweeney]*, 239 AD2d 722, 723).

Cardona, P. J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.