■ In the Matter of the Claim of RICHARD F. RIZZA, Appellant. COMMISSIONER OF LABOR, Respondent. [733 NYS2d 308] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 2000, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a truck driver for a dairy products company after he tested positive for the use of marihuana following a random drug test. We find no error in the Unemployment Insurance Appeal Board remanding the matter for further development of the record concerning the testing procedures and chain of custody of the urine specimen (see, Labor Law § 621 [3]; see also, Matter of Cumberland [Commissioner of Labor], 249 AD2d 867; Matter of Gilbert [United States Custom Serv.—Sweeney], 232 AD2d 709) or to eradicate any procedural or recording deficiencies resulting from the initial remand hearing (see, Matter of Foster, 262 AD2d 899, lv denied 94 NY2d 760).

Furthermore, given the evidence establishing a proper chain of custody, the positive results of the drug test, and other testimony received at the hearings, substantial evidence supports the Board's decision that claimant lost his employment due to disqualifying misconduct (see, Matter of Cumberland [Commissioner of Labor], supra). Finally, we reject claimant's assertion of unfair or biased treatment.

Mercure, J. P., Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.