■ In the Matter of the Claim of PAUL J. LANGLEY, Appellant. COMMISSIONER OF LABOR, Respondent. [783 NYS2d 730]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 29, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a night shift supervisor at a private school after he tested positive for the use of marihuana following a random drug test. Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant was disqualified from receiving unemployment insurance benefits on the basis that he was terminated due to misconduct (*see Matter of Rizza [Commissioner of Labor]*, 288 AD2d 795 [2001]; *Matter of Cumberland [Commissioner of Labor]*, 249 AD2d 867 [1998]). The record establishes a proper chain of custody, the positive results of the drug test and the fact that claimant was aware of the employer's random drug testing policy. Significantly, claimant was given an opportunity to retain his employment by submitting to another drug test at his own expense; he maintained that he could not afford to pay for the test despite having made no inquiry regarding the cost thereof.

Claimant's contention that he was not randomly selected for the drug test, a contention which the employer disputes, created a credibility issue for the Board to resolve (*see Matter of Gordon [Commissioner of Labor]*, 278 AD2d 579, 580 [2000]). Claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.