■ In the Matter of the Claim of CARLOS RAMSEY, Appellant. FAIRVIEW RECOVERY SERVICES, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [793 NYS2d 632]—

Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 7, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, an outreach counselor for a drug and alcohol abuse recovery center, was denied unemployment insurance benefits on the ground that his refusal to submit to a drug test to allay his employer's suspicions that he was working under the influence of controlled substances constituted disqualifying misconduct resulting in his termination. Following a hearing, an Administrative Law Judge upheld the denial of claimant's application, and the Unemployment Insurance Appeal Board affirmed. Claimant appeals.

We affirm. An employee can be disqualified from receiving unemployment insurance benefits for failing to comply with an employer's reasonable request (*see Matter of Denton [Commissioner of Labor]*, 7 AD3d 869, 869 [2004]; *Matter of Holland [Commissioner of Labor]*, 292 AD2d 667, 668 [2002]). Although the employer did not have a written drug testing policy (*compare Matter of Gordon [Commissioner of Labor]*, 278 AD2d 579

[2000]; *Matter of Douglas [Commissioner of Labor]*, 250 AD2d 900 [1998]; *Matter of Grover [Waste-Stream, Inc.—Sweeney]*, 233 AD2d 809 [1996]), claimant acknowledged that he was aware of the written policy prohibiting employees from using or being under the influence of controlled substances while on duty. The employer's request that claimant submit to a drug test was reasonable if the employer had a reasonable belief that claimant was under the influence of drugs during his shift. Testimony of claimant's coworkers and supervisors, who were certified alcohol and substance abuse counselors, regarding dramatic and unusual changes in claimant's physical appearance and behavior on the day of his termination established that the employer had ample reason to suspect that claimant was under the influence of drugs at the time. Thus, substantial evidence supports the determination that claimant was terminated due to disqualifying misconduct when the employer made a reasonable request and claimant failed to comply with that request (*see Matter of Holland [Commissioner of Labor], supra*; *see also Matter of Bruno [Sweeney]*, 236 AD2d 730 [1997]).

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.