■ In the Matter of the Claim of ANDRE J. JENKINS, Appellant. CITY OF NEW YORK, Respondent; COMMISSIONER OF LABOR, Respondent. [810 NYS2d 561]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 5, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a seasonal aide for the New York City Department of Parks and Recreation from July 8, 2003 until

January 25, 2005. He was terminated because he refused to take a drug test after the employer suspected he had violated its written policy against using controlled substances on the job. The Unemployment Insurance Appeal Board ruled that he was disqualified from receiving unemployment insurance benefits because he was terminated due to misconduct. Claimant appeals.

We affirm. The failure to comply with an employer's reasonable request to take a drug test may constitute misconduct disqualifying an employee from receiving unemployment insurance benefits (*see Matter of Ramsey [Fairview Recovery Servs., Inc.—Commissioner of Labor]*, 17 AD3d 949, 949-950 [2005]). Here, the employer had a legitimate reason to suspect that claimant was using drugs at work because the smell of marihuana emanated from an outdoor storage area where he and two other employees were found and remnants of rolling papers were discovered there. Although claimant denied using drugs on the job, he admittedly refused to take the test because the results would have been positive due to his drug use at home. Under these circumstances, substantial evidence supports the Board's decision.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.