■ In the Matter of the Claim of LORETTA YOUNG, Appellant. COMMISSIONER OF LABOR, Respondent. [812 NYS2d 719]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 17, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a home attendant from March 2003 until April 2005. As part of her employment, she was required to undergo an annual physical examination, including a drug test. She was terminated from her position after she tested positive for using cocaine. The Unemployment Insurance Appeal Board subsequently disqualified claimant from receiving unemployment insurance benefits on the ground that she was terminated for misconduct. Claimant now appeals.

We affirm. An employee's use of controlled substances which produces a positive result following a drug test has been held to constitute disqualifying misconduct (*see e.g. Matter of Langley [Commissioner of Labor],* 12 AD3d 753 [2004]; *Matter of Rizza [Commissioner of Labor],* 288 AD2d 795 [2001]). Here, there was ample testimony and documentary evidence establishing that claimant took a drug test which revealed that she had used cocaine. Her claim that her ingestion of Tylenol with codeine and additional over-the-counter medications produced a false positive result is belied by other evidence in the record and her testimony that she took some of her mother's prescribed drugs presented a credibility issue for the Board to resolve (*see Matter of Cumberland [Commissioner of Labor],* 249 AD2d 867 [1998]; *Matter of Rios [Pine Hill Trailways—Sweeney],* 228 AD2d 760,

761 [1996]). Therefore, we find no reason to disturb the Board's decision.

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.