■ In the Matter of the Claim of ADAM J. SHUGG, Appellant. GRIEF INDUSTRIAL PACKAGING & SERVICE, LLC, Respondent. COMMISSIONER OF LABOR, Respondent. [882 NYS2d 317]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 12, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant, who tested positive for cocaine following an injury at work, engaged in disqualifying misconduct. "An employee's use of controlled substances which produces a positive result following a drug test has been held to constitute disqualifying misconduct" (*Matter of Young [Commissioner of Labor]*, 28 AD3d 989, 989 [2006] [citations omitted]; *see Matter of Javier [Commissioner of Labor]*, 48 AD3d 1011, 1012 [2008], *lv denied* 10 NY3d 712 [2008]). Here, claimant admittedly used cocaine a few days before his positive

test result and was aware of the employer's policy in this regard. To the extent that claimant contends that his discharge violated the Human Rights Law, we need note only that "[a]lthough alcohol dependency qualifies as a disability under the Human Rights Law, drug abuse does not" (*Matter of Kirk v City of New York*, 47 AD3d 406 [2008] [citations omitted]). Similarly, even assuming that drug dependency could excuse what otherwise would be disqualifying misconduct (*compare Matter of McLaughlin [Commissioner of Labor]*, 31 AD3d 850, 851 [2006]), claimant failed to establish that he suffered from such condition. Nor did the employer discriminate against claimant by failing to offer him a "last chance agreement," as there was no showing that claimant was similarly situated to the two employees to whom such agreements had been granted. Notably, neither of those individuals received last chance agreements after failing a drug test. Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Rose, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.