■ In the Matter of the Claim of MICHAEL J. McNEIL, Appellant. COMMISSIONER OF LABOR, Respondent. [932 NYS2d 602]—

Claimant worked as a garden associate for the employer for approximately 2½ years when he was involved in an accident with a forklift and, pursuant to company policy, was required to submit to a drug test. When the employer retained an on-site collection agency the following day, petitioner refused to provide a urine sample, even after being told that refusing would be grounds for discharge. Claimant's employment was subsequently terminated and the Unemployment Insurance Appeal Board ruled that he was disqualified from receiving unemployment insurance benefits because he lost his employment through misconduct. Claimant now appeals.

We affirm. An employee's failure to abide by an employer's established policy can constitute disqualifying misconduct, particularly when it has a detrimental effect on the employer's interests (*see Matter of Sealey [Commissioner of Labor]*, 81 AD3d 1022, 1023 [2011]; *Matter of Brauneisen [GEICO Ins. Co.—Commissioner of Labor]*, 72 AD3d 1381, 1382 [2010]). Here, substantial evidence supports the Board's determination inasmuch as claimant testified that he was aware of the employer's policy, had been warned that noncompliance would be grounds for termination and refused to submit to a drug test nonetheless (*see Matter of Jenkins [City of N.Y.—Commissioner of Labor]*, 27 AD3d 863, 864 [2006]; *Matter of Ramsey [Fairview Recovery Servs., Inc.—Commissioner of Labor]*, 17 AD3d 949, 949-950 [2005]).

Spain, J.P., Rose, Stein, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.