Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 21, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
For approximately two years, claimant worked as a maintenance technician for the employer and performed plumbing, carpentry and related duties in connection with the upkeep of the employer’s residential rental properties. The employer provided a van for claimant to use in performing his duties. It was the employer’s policy that the van was to be used only for business purposes unless the employer authorized otherwise. Claimant’s employment was terminated after he took the van to his home one weekend without obtaining his supervisor’s permission. Claimant applied for unemployment insurance benefits, but the Department of Labor denied his application on the ground that his employment was terminated due to misconduct. Following a hearing, an Administrative Law Judge overruled the Department’s determination and found that claimant was eligible to receive benefits. The Unemployment Insurance Appeal Board, however, reversed this decision and found that claimant had, in fact, engaged in disqualifying misconduct. This appeal by claimant ensued.
We affirm. An employee’s failure to comply with an employer’s reasonable policy that, in turn, has a detrimental effect on the employer’s interest has been held to constitute disqualifying misconduct (see Matter of McNeil [Commissioner of Labor], 89 AD3d 1314, 1314 [2011]; Matter of Cheek [Commissioner of Labor], 89 AD3d 1313, 1313-1314 [2011]). Here, the employer became aware of claimant’s personal use of the van many months before the incident in question and claimant’s supervisor specifically informed him at that time that he was not to use the van for any purpose unrelated to his work unless he received his supervisor’s authorization. Although the supervisor had on occasion granted claimant permission to take the van to his home on weekends, he did not provide such authorization on the weekend in question. The employer was responsible for the van and claimant’s personal use of it was potentially adverse to the employer’s interest. Accordingly, we find that substantial evidence supports the Board’s decision and we decline to disturb it.
*1277 Peters, P.J., Lahtinen, McCarthy and Rose, JJ., concur.
Ordered that the decision is affirmed, without costs.