■ In the Matter of the Claim of STEVE RAMIREZ, Respondent. NEW YORK CITY TRANSIT AUTHORITY, Appellant; COMMISSIONER OF LABOR, Respondent. [48 NYS3d 860]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 13, 2015, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed for 11 months as a track worker for a municipal transit authority (hereinafter the employer). His employment was terminated after he was given a random drug test and a specimen of his urine tested positive for cocaine. He was initially disqualified from receiving unemployment insurance benefits on the ground that his employment was terminated due to misconduct. Following extended proceedings before an Administrative Law Judge (hereinafter ALJ), this determination was eventually upheld. On appeal, the Unemployment Insurance Appeal Board ruled that the positive drug test results were not competent proof of claimant's misconduct because the chain of custody of the sample tested had not been

established through evidence presented at the hearing. Consequently, the Board reversed the ALJ's decision and ruled that claimant was entitled to receive benefits. The employer now appeals.

The employer contends that the Board erroneously reversed the ALJ's decision based upon insufficient evidence regarding the chain of custody because this was not part of the record before the ALJ and was not addressed in light of claimant's concession that he was not challenging the chain of custody (*see* Labor Law § 621 [3]; 12 NYCRR 463.1 [f] [2]; 463.2 [b]). Under the particular circumstances presented, we must agree. The employer correctly points out that, during the hearings before the ALJ, claimant's counsel made it clear that claimant was not disputing the validity of the chain of custody of the specimen provided for testing, but proceeded on the theory that the test produced a false positive result for cocaine because claimant was taking other medications at the time that he provided the sample. Significantly, the representative from the company that tested claimant's specimen stated that she did not personally perform the test, and the ALJ, based on the previous representation of claimant's counsel, specifically instructed claimant's counsel to avoid questions concerning the chain of custody. Given that the record was not developed with regard to the chain of custody of claimant's specimen, the Board did not base its decision upon the record before it (*see* Labor Law § 621 [3]; 12 NYCRR 463.1 [f] [2]; 463.2 [b]). In view of this, and considering the unrefuted positive test results supporting the ALJ's finding of misconduct (*see Matter of Young [Commissioner of Labor]*, 28 AD3d 989, 989 [2006]; *Matter of Cumberland [Commissioner of Labor]*, 249 AD2d 867 [1998]), we conclude that the Board's decision is not supported by substantial evidence and must be reversed.

McCarthy, J.P., Egan Jr., Rose, Clark and Aarons, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.